| 9 | 227 |
| 134 | 168 |

## FINNEY, ADM'R. OF McCALISTER, vs. THE STATE, TO THE USE OF ESTISS.

| 9 | 225 |
| 172 | 36 |

1. A plea alleging that suit was not brought within three years after the grant of letters of administration is bad. It should allege that the cause of action had accrued more than three years before suit brought.

2. A cause of action accruing after the grant of letters of administration, the limitation of three years only begins at the time the right of action accrued.

3. The county court is authorized to revoke the appointment of a guardian for non-residence in the State, although the statute which makes this a cause for removal, be passed subsequent to the appointment of a guardian.

4. A trustee is bound to comply with the statutory provisions affecting the duties incident to the trust, as they are enacted.

15

5. An order of a county court removing a guardian, and appointing his successor, is equivalent to an order to pay over any money in the hands of the one removed, to his successor, and he is bound to take notice of the order.

6. In a suit against the executor or administrator of a guardian who had been removed, for money not paid over to his successor, the judgment must be *de bonis testatoris*, and not *de bonis propriis*.

## APPEAL from St. Louis Circuit Court.

GAMBLE & BATES, for Appellant.

#### POINTS AND AUTHORITIES.

In behalf of the appellant, the following propositions are advanced:

1. The demurrer of the defendant, to the replication to the first plea, ought to have been sustained; the replication (infancy) was bad; the plea (limitation) was good. But if the plea were ill, still the declaration was bad.

2. The demurrer of the plaintiff to the 3d and 4th pleas of the defendant, ought to have been overruled. Each one of said pleas was good, and if not, the declaration was bad.

3. The instruction moved, on the part of the defendant, and refused by the court, was a lawful, and proper instruction, and ought to have been given.

4. The motion for a new trial ought to have been granted, because the verdict was wrong, both in law and in fact.

5. The judgment as it is of record, is obviously wrong; it is for the penalty of the bond, $3600, and also for the damages assessed on the breach, $1799 89, and costs, and *execution is awarded* for the latter sum, although the defendant is an administrator.

POLK, for the Appellee.

NAPTON, J., delivered the opinion of the court.

This was an action of debt upon a bond given by Joseph Edmondson, as guardian of Edward T. Estiss, with John H. Gay and Alexander McCalister, as securities, conditioned that the said Edmondson would well, and truly, and faithfully discharge the duties of his office, as guardian, according to law. The suit was instituted against the appellant, Finney, the administrator of McCalister, one of the sureties. The breach assigned is, that after the execution of said bond, to-wit: on

the 15th June, 1840, the said guardianship of the said Joseph Edmondson, was revoked by the county court of St. Louis, the said court having competent jurisdiction and authority therefor, that before, and at the time of such revocation, there was in said guardian's hands, the sum of $1788 17, the property of said minor; that Meredith Martin was in due form of law, appointed guardian, &c., and that although the said Joseph should have immediately paid over to said Meredith, the sum of $1788 17, after the revocation of his letters as aforesaid, yet though often requested, he has not yet paid, &c., &c.

The defendant pleaded:

1. That the demand was not exhibited for allowance within three years after the granting letters of administration.

2. That the guardianship of said Edmondson was not revoked by any lawful authority.

3. That the said guardianship was not revoked by the county court of St. Louis, for failing to give supplementary security, or for any other good cause.

4. That said Edmondson had not at the time mentioned in the declaration, in his hands, the sum of $1788 17; and,

5. That said Edmondson was not at any time before the commencement of this suit, ordered by the county court of St. Louis county, or any court having jurisdiction, to pay over to the said Martin, any money in his hands of the estate of said Estiss, &c.

To the first plea, the plaintiff replied, the infancy of Estiss—to which replication the defendant demurred, and the court overruled the demurrer. The plaintiff demurred to the third and fifth pleas, and the court sustained the demurrer. On the second and fourth pleas issue was joined, and they were found for the plaintiff, and damages assessed at $1799 87, and judgment rendered against the plaintiff for the penal sum in the bond, and damages aforesaid and costs *de bonis propriis*.

At the trial the plaintiff gave in evidence the records of the county court of St. Louis county, showing the appointment of Edmondson, as guardian, his settlement with the county court, showing a balance against him of $1768 17, his removal from office on account of his being a resident of Illinois, the appointment of Martin, &c. The defendant moved for the following instruction: "The county court of St. Louis county had not the absolute power, at its discretion, to remove Edmondson from the guardianship of E. T. Estiss. The court could not remove him, except for such cause as the statute points out. And if the jury believe from the testimony, that said Edmondson was removed for no other cause than that he lived in Illi-

nois, the removal was unlawful, and they ought to find for the defendant." This instruction was refused; a new trial was applied for, and the motion was overruled, and exceptions duly taken and saved, to the several opinions of the court, in the progress of the cause.

The first error assigned is, the action of the court in overruling the demurrer of the defendant to the plaintiff's replication to the first plea.

Admitting that the appellant is right in supposing the replication to be bad, yet if the plea is bad, the court committed no error in overruling the demurrer. The plea alledges that the suit was not brought within the three years after the granting of letters of administration. The statute directs that all *demands* against an estate shall be presented for allowance within three years from the date of letters of administration. It seemed from the declaration, that more than three years since the date of the letters of administration upon McCalister's estate had elapsed, before any breach of the bond signed by McCalister had occurred; and of course there was no demand against the estate during that period. Unless therefore McCalister's death is to be considered an extinguishment of his liability on his bond, for any breaches occuring subsequent to that event, the plea cannot be good. We have heretofore intimated that so literal a construction of the statute would not conform to the general principles of justice, and that cases like the present are not within the rule. The plea should have set forth, that *the cause of action had accrued* more than three years before suit. Miller vs. Woodward & Thornton, 8 Mo. Rep. 169; State, to the use of Menard, vs. Pratte & St. Genome, Ib. 286. But it is contended that the declaration is bad; first, because the guardianship of Edmondson was not revoked legally; and secondly, because no order of the county court is set forth requiring Edmondson to transfer the money in his hands, to his successor; and thirdly, because there was no notice and demand before suit brought.

The two first objections involve the same questions which arrise in considering the action of the court, in sustaining the demurrer to the third and fifth pleas.

The 15th section of act of Feb. 11, 1839, provides that no person, other than a resident of this State, shall be appointed a guardian; and if any guardian remove from this State, his appointment shall be revoked, and proceedings had as in other cases of revocation. The declaration alledges that the guardianship of Edmondson was revoked by the county court of St. Louis county, the said court having competent authority

and jurisdiction for that purpose. There can be no substantial objection to this allegation of the declaration; but the third plea sets up as a defence, that Edmondson's guardianship was not revoked for failing to give supplemental security, or for any good cause, and as the arguments to sustain this plea are the same which are relied on to show the insufficiency of the declaration, they may as well be considered here. If the revocation was made legally, it is immaterial what the cause may have been; whether it was a failure to give security, or a removal from the State. The legality of the order of the county court which revoked Edmondson's guardianship, was put in issue by the second plea, and the third plea appears to rest on the hypothesis, that the guardian could not be removed, because of his removal from the State, and the argument is, that the act of 1839, was not designed to be retrospective, but only to apply to guardians appointed subsequently to its passage. We are unable to see any objections to the construction of the act of 1839, given to it by the county court of St. Louis county. There is nothing retrospective in the operation of the law, which declares that after its passage, a removal from the State shall be one of the causes which shall authorize the courts to remove guardians, whether they have been appointed before or since the passage of the act. Such a law does not divest any vested rights. Whoever accepts a trust of this character, does so with a knowledge that he must comply with the statutory provisions regulating the duties incident to the relation which he assumes, and that he must continue to comply with such requisitions as may at any subsequent time be made, so long as he holds on to the trust. The guardian is now required to make annual settlements, he may be required to make them quarterly or monthly. A hundred other changes may be made in his official duties, and he is bound to comply with them. No hardship arises from this, for he can if he thinks the trust burdensome or unprofitable, at any time relieve himself of the burden. The plea was therefore bad, and the declaration, in this particular, manifestly sufficient.

The second objection to the declaration is, that it contains no averment of any order of the county court requiring Edmondson to pay over the moneys in his hands, upon his removal from the guardianship. The same matter is set up in the fifth plea. In the case of Hill & Keese, vs. Chouteau, 1 Mo. R. 732 (Rep. 526) which was an action upon an administrator's bond, this court was of opinion that the creditor was not obliged to establish his demand in the county court, before proceeding upon the bond. The court observe that if the administrator has not duly administered, his bond is broken, and whenever that fact

is established, either by the records of the county court, or by any other competent proof, he is entitled to recover. In principle it is difficult to see any distinction, so far as this point is concerned, between an administrator and a guardian.

But it seems to be thought that an order of the county court was necessary to authorize Edmondson to pay over the moneys in his hands to his successor. The order which removed Edmondson, also appointed his successor, and of this order he must be presumed to have had notice. Upon his removal from office, he was in possession of moneys which he had no longer a right to retain. The order of removal was of itself equivalent to an order to pay over to his successor. Were it not so, it would certainly devolve on the plaintiff to show a demand and refusal, upon the general principle that a fiduciary holder of money, with no fixed time of payment, is entitled to notice and demand, before he can be liable by suit. The order of removal in this case, we consider a sufficient notification, there being no statuary provision requiring, as in the case of administrators, any further order, and this view of the case disposes of the third, as well as the second objection to the declaration.

The third and fifth pleas have been considered. The judgment being clearly erroneous will be reversed ; and this court proceeding to enter up such judgment as the circuit court should have given, direct a judgment *de bonis testatoris* against the appellant. The appellant is allowed his costs. Floyd vs. Wiley, 1 Mo. R. 458.