Burton v. Rutherford, Adm'r of Rutherford.

——————•——————

JOHN G. BURTON, Appellant, *v.* WILLIAM T. RUTHERFORD, ADMINISTRATOR OF HAYDEN L. RUTHERFORD, Respondent

1. *Limitations — Surety — Administration.*— Payment of a note by a surety extinguishes the note and gives him the right to sue for the money paid. His right of action accrues from the date of the payment, and the statute of limitations under the administration law commences running from that time.
2. *Partnership — Claim against — Allowance of.*— An allowance of a claim against a partnership is not an exhibition of it against the individual estate.

Burton v. Rutherford, Adm'r of Rutherford.

*Appeal from Randolph Circuit Court.*

*R. F. Prewitt,* for appellant.

I. This cause of action did not accrue at the time the note became due, but at the time plaintiff paid Guy the money. (Singleton v. Townsend, 45 Mo. 379 ; 1 Pars. Cont. 36–7; 2 Pars. Bills and Notes, 253, § 7.) Nor does the administration statute of limitation of three years begin to run against a surety who pays the debt of his principal, until he has paid it. (Miller v. Woodward, 8 Mo. 169 ; Finney, Adm'r, v. The State, 9 Mo. 225 ; Chambers' Adm'r v. Smith's Adm'r, 23 Mo. 174 ; Hickman v. Hollingworth, 17 Mo. 475.)

II. The allowance of a claim against the partnership estate is not a sufficient allowance against the individual estate.

*W. A. Hall,* for respondent.

If this debt was a demand against the estate during the administration it is forever barred. Was it such ? The note was due during the administration. It was in Guy's hands ; he could have had it allowed. In his hands it became forever barred. Could it be revived by coming back to the hands of Burton ? Burton transferred all his rights under the note to Guy ; Guy forfeited all right against the estate. Could Guy, by returning the note to Burton, give to Burton rights which he had lost ? The aspect of the case is not changed by Burton binding himself to Guy to see that the note was paid. Burton was bound by his assignment, without "standing surety," to see that the note was paid, if Guy used diligence in collecting it. He released Guy from the obligation imposed by law on an assignee to use diligence. Did that relieve Burton from the consequence of Guy's failure to use diligence ? He caused Guy's negligence, and now says he should not bear the consequence.

ADAMS, Judge, delivered the opinion of the court.

The firm of Rutherford & Malone, of which Hayden L. Rutherford was a partner, executed to the appellant, John G. Burton, their negotiable promissory note for $900, bearing date the 6th

day of January, 1858, and due one day after date. On the 18th day of May, 1858, before the death of Hayden L. Rutherford, the appellant, wishing to realize the money on his note, applied to Rutherford for payment, who had not the money in hand; and at his request the note was sold to Irwin Guy, who purchased it with the agreement between all the parties that the appellant would become and stand as surety for the payment of the note until the same was paid, and to this end he indorsed the note in the following words, to-wit: "I assign the within note to Irwin Guy, and bind myself to stand as surety until said note is paid, this 18th May, 1858. John G. Burton."

Hayden L. Rutherford afterward died intestate, and letters of administration were duly granted on his individual estate to the respondent, on the 28th of December, 1858, who gave notice as the law requires, and continued the administration until it was finally settled in 1866.

There was also an administration on the partnership effects of Rutherford & Malone, and this note was exhibited and allowed against the partnership administration, but not against the individual administration. In July, 1865, the appellant, as surety, paid Guy $836, being the balance of the note then remaining unpaid. After said final settlement, letters of administration *de bonis non* were granted on the estate of said Hayden L. Rutherford, deceased, to the respondent, and this suit was commenced sixteen days before the March term, 1868, of the Randolph Circuit Court, for the amount the appellant paid as surety.

The respondent set up the bar of the statute of limitations under the administration law.

The appellant asked two instructions. The first was to the effect that the statute of limitations commenced running only from the time he paid the money as surety on the note; and the second was to the effect that the exhibition of the note against the partnership estate was, in effect, an exhibition of it against the individual estate of Rutherford, deceased. Both of these instructions were refused. The court then gave an instruction, at the instance of respondent, "that if the note sued on was barred as against the estate of Hayden L. Rutherford by the statute, in the hands

17—VOL. XLIX.

of Guy, it was not revived by being re-assigned by Guy to Burton." The appellant, when his instructions were refused and that of the respondent given, took a nonsuit, with leave to move to set it aside, which motion was filed and overruled.

The only question of any importance in this case is as to the time when the statute of limitations commenced running.

The appellant was not simply indorser of the note to Guy, but he became Hayden L. Rutherford's surety for the payment of the note, and agreed to stand as surety until the note was paid. If he had been merely an indorser of a negotiable note like this, to hold him responsible it would have become Guy's duty to have presented the note for payment as soon as he received it, and notified the appellant of its non-payment. But that was not the position he occupied or intended to occupy on the note. He placed his name there as surety, to stand as such till the note was paid, and when he paid the note to Guy it was in discharge of his obligation as surety. This payment extinguished the note and gave the appellant a right to sue for money paid as surety for Rutherford. His right of action accrued when he paid the money, and the statutory bar under the administration law commenced at that time and had not expired when this suit was brought. We therefore think the first instruction asked by appellant should have been given, and the one asked by respondent refused. In regard to the second instruction asked by the appellant, we think it was properly refused. A party can only exhibit his claim against an estate in the manner indicated by the statute, and therefore an allowance of a claim against a partnership is not an exhibition of it against the individual estate.

The judgment will be reversed and the cause remanded. The other judges concur.