JANE WILLIAMS ET AL., Appellants, *v*. GEORGE PENN, JR.,
ADMINISTRATOR, Respondent.

June 20, 1882.

1. A demand which does not accrue against an estate until after the death of
the intestate is not barred until two years after the time when it ac-
crued.

2. A demand not exhibited within one year from the granting of letters must
be placed in the sixth class, notwithstanding it did not accrue until after
the death of the intestate.

APPEAL from the St. Louis Circuit Court, THAYER J.
*Affirmed.*

E. B. SHERZER, for the appellant: Until the cause of
action accrues, time is not, for any purpose, counted against
it. Not the first any more than the second year from grant

of letters, is or can be considered as commencing, until the cause of action accrues. For these two years make up the special limitation, or statutory bar. This view is supported by *Miller* v. *Woodward*, 8 Mo. 169, 175–177; *Greenbaum* v. *Elliot*, 60 Mo. 25, 32; *Ewing* v. *Taylor*, 70 Mo. 394, 397; *Spaulding* v. *Suss*, 4 Mo. App. 541, 549; *North* v. *Walker*, 1. Mo. App. 174, 182; *North* v. *Walker*, 66 Mo. 453, 463; *Brewster* v. *Kendrick*, 17 Iowa, 479–484.

FRITCHEY & ALEXANDER, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The plaintiffs filed a claim in the probate court, which was allowed and placed in the sixth class. The plaintiffs appealed to the circuit court, where the same judgment was rendered, and they have again appealed to this court. The grounds of their appeal are, that the claim ought to have been put in the fifth, and not in the sixth class. It is stated that there are assets to pay claims of the fifth class, but none to pay claims of the sixth class.

The claim arose in this way : Walter B. Morris and the defendant's intestate were sureties on a guardian's bond. In 1879, a judgment was recovered against Morris on the bond for $1,578. He paid the same and assigned to the plaintiffs his right of contribution against the estate of his co-surety ; and this is the demand which the plaintiffs exhibited in the probate court. The record does not show when letters of administration upon the estate of John F. Quisenberry were granted, nor when notice thereof was published.

We have been favored with a copy of the following opinion delivered in this case by the learned judge of the probate court : —

*Woerner, J.:* "Walter B. Morris and John F. Quisenberry were the sureties of one Willoughby as curator of Jane Willoughby, now Williams. Willoughby died after Quisenberry, and in January, 1879, judgment was rendered on his

bond against Morris, who paid the same and assigned his right of action for contribution to the claimant. Within one year after the judgment was rendered and paid, but more than one year after the date of letters, claimant presented her claim against the estate of Quisenberry, and the only question presented for adjudication is, whether the allowance is to be placed in the fifth or sixth class.

" The statute places in the fifth class, ' all demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate ; ' and in the sixth class, ' all demands thus exhibited, after the end of one year, and within two years after letters granted.' (Rev. Stats., pp. v, vi, sect. 184.

" The plain letter of this statute seems decisive of the question without recourse to rules or principles of construction. The demand was first ' exhibited, after the end of one year and within two years after letters granted.' Such demands are assigned to the sixth class by the statute ; hence nothing remains for the court to do but to announce, in completion of the syllogism and giving effect to the statute, that the claimant's demand is placed in the sixth class.

" But it is earnestly argued that such a judgment would work injustice, because the cause of action did not accrue until the expiration of the first year after the grant of letters, and that it would not, therefore, have been exhibited within that time, thus depriving the claimant of the benefit of participating in the fifth class entirely. It may be answered that if the language of the statute is clear, the injustice of its operation affords no excuse for its disregard. No authority but that of the legislature can amend an unwise or an unjust law. But this provision seems neither unwise nor unjust. The principle underlying the division of debts of a deceased person into the several classes, with priority according to the enumeration, does not rest upon the merits of the claimants, but is dictated by public policy and regard

to the practical requirements of settling an estate. The first class of claims has priority over the second, not because the undertaker is more favored by the law than a physician or sick-nurse, but because the decent burial of the dead is of paramount importance, and the dead person is not capable of acting for himself. Nor is the claim of a physician or other person serving the decedent during his last illness in itself more meritorious than that of any other person having a just demand; but the public, the state itself, is interested in securing ministration to a helpless person, and hence postpones the demands of even the government to those of persons performing these services. So, the fifth class takes precedence of the sixth; not because there is any distinction in the relative merits or justice between fifth and sixth class claims, but because it is necessary to fix a time for the payment of claims, without regard to quality. The earliest moment to do this with safety has been fixed by the statute at about one year after the beginning of the administration. All claims then proved, or exhibited to the administrator, should be at once paid, or the means to pay them reserved, if they are still in litigation. This is the obvious policy of the law, and its wisdom seems unquestionable. That another year is given within which claims may be exhibited and proved, is a concession to the possibility of debts arising or accruing subsequently; but it is obvious that it would be both impolitic and unjust to defer the payment of the claims already proved or allowed, on the ground of the mere possibility of further liabilities accruing, or of dilatory creditors desiring to prove their demands subsequently. Hence a sixth class is created, which is necessarily postponed to the fifth, because the fifth is payable before the sixth can be deemed to exist. There is nothing in the objection, that creditors, whose demands accrue subsequent to the debt of the debtors, should in justice and under the policy of the law have one year thereafter within which their claims may be placed in

a class prior to the sixth. 'The year given to creditors, within which their claims are referred to the sixth class, has and can have relation only to the history of the administration, but not to that of the origin of the claim.'

"We are referred to the decision of the supreme court, that the three (now two) years' limitation against the presentation of claims against an executor or administrator does not apply when the debt accrued subsequent to the date of the letters. It was so held in *Miller* v. *Woodward* (8 Mo. 169); and Scott, J., there says that, if the estate has been distributed, a court of equity would afford relief. Other cases to the same effect (of which, *Finney* v. *The State*, 9 Mo. 227, and *Richardson* v. *Harrison*, 36 Mo. 96) are cited by counsel for claimant. It is argued that, since this is a principle of equity, it applies as well to classification as to limitation. But the *sequitor* is not apparent: it is true that the law does not hold a party accountable for not doing that which is impossible, and will hence excuse a creditor for not establishing a claim which does not exist; but such excuse does not operate to give the claim an *ante factum* validity. If it originate or accrue after the distribution, there may be, as Judge Scott suggests, a remedy against the heirs by bill in equity, because their rights are subject to the claims of all creditors; but there can be none against creditors whose rights have become fixed by compliance with the legal requirements determining the class and the fund out of which they are to be satisfied.

"The case of *Bryan* v. *Mundy* (14 Mo. 459) is quoted as establishing the proposition that classification is the same as allowance. This case is a leading one on the point thereby established, that in presenting a judgment for allowance against an estate, the same notice is required to be given to the administrator as in presenting other demands, without which the allowance is unauthorized and illegal. In arguing the necessity of such notice, Judge Birch says: 'Had

that been done [notice given] * * * that a demand founded upon an unsatisfied judgment [reciting the copy] would be presented to the county court for classification [the same thing as allowance] who can say that the administrator might not have availed himself of an offset, or even of some equitable defence accruing or developing itself after the rendition of the judgment, and thus have defeated its allowance?' This language, so far from showing that the principle avoiding the limitation in favor of after-accruing demands, is extended also to classification, simply asserts the duty of the administrator to interpose, as a defence against a judgment presented for classification, any set-off, payment, or after-accruing eqitable defence. In this sense it was necessary to show that, in the classification of a judgment, the court performed the same functions as in allowing a demand. And this being the gist of the decision, not a hint even to be found in it that the classification of a demand is governed by the same principle which governs with reference to the bar by limitation, of course its approval in *Tevis* v. *Tevis* (23 Mo. 256), throws no further light favorable to the claimant's view on this subject. This case establishes the right of a party who exhibits his claim within the first year, to have the same placed in the fifth class, although not presented for allowance until a later period of the administration. It draws the distinction between the exhibition of a demand under sections 4 and 5 (now sects. 187 and 188), which determines the class of the claim, and presenting it for allowance, which requires a different notice (sect. 198) and decides that the bringing of a suit in the circuit court is a sufficient exhibition of a demand to satisfy the statute, although the plaintiff take a non-suit in such action. The cases of *North* v. *Walker* (2 Mo. App. 182 and 66 Mo. 463), are both decided upon the express ground that there was an exhibition the first year.

" So far, not a single case has been found which establishes, or even favors, the theory of the claimant. But in *Spauld-*

*ing* v. *Suss* (4 Mo. App. 541), BAKEWELL, J., rendering the opinion of the court, uses language which is utterly inconsistent with such a theory. 'It is quite clear,' says the judge, after an exhaustive review of the precedents and a close analysis of the statute under consideration, 'that it is the intention of our law that the administrator should have plain and unmistakable notice *during the first year*, of every claim which is to be placed in the fifth class.   *   *   * If this rule be modified by judicial interpretation, the whole symmetry of our administration law is endangered. Neither the administrator, the court, nor the creditors will be able to take a step any longer with certainty.   *   *   * The law requires a distribution at the end of every year ; and when, at the end of the first or second year, the fifth · class claims, as far as known to the court or the administrator, are paid in full, perhaps exhausting the estate, what security will there be that some claim will not be proved in the second or third year of administration, and the claimant demand payment in full on the ground of some casual conversation which the administrator has wholly forgotten? The rule prescribed in the fifth section is a plain and safe one.' That case turned upon the sufficiency of a notice alleged to have been given in compliance with the fifth section (now sect. 188) of the statute, during the first year of administration. The circumstances, as they are recited in the opinion, were such as to appeal most strongly to an equitable consideration of the court, and for an interpretation, if compatible with the law, giving the claimant a place in the fifth class. But the reasoning of Judge BAKEWELL conclusively shows that no claim, of which the administrator had not been notified during the first year of administration, can be placed in the fifth class without injustice to creditors, and endangering our whole probate system.

"Judgment for claimant, $750, with interest from January 8, 1880."

In the foregoing opinion we entirely concur.   It conclusively answers, we think, all that has been said, and well said, by the learned counsel for the  appellant.   We shall not add anything to what the learned judge of the  probate court has said, because we do not wish to cast any doubt upon a question which seems to us so plain.   The construction of the statute contended for by the appellant, would, it seems to us, repeal the statute so far as it provides for the separation of general demands against a decedent's estate, into two classes, having reference, not to the merits of the demands themselves, but to the time within which they are exhibited to the administrator.

It is argued by counsel that the court, in placing this demand in the sixth class, is guilty of as great an inconsistency as if it had placed it in the fifth class, because, he says, it was exhibited, not only more than one year after the grant of letters and publication of notice, which would exclude it from the fifth class, but more than two years thereafter, which would exclude it from the sixth class also. There are three answers to this.   In the first place, this record does not show, as we have already pointed out, when the letters were granted, and when the publication of that fact was made.   We do not, therefore, know, except from what we see in the brief of the appellant's counsel and in the opinion of the judge of the probate court, at what stage of the administration this demand was first exhibited.   The appellant's counsel tells us that it was more than two years after the publication of notice of the grant of letters.   The probate judge tells us that it was more than one year, and less that two years after such date.   We are not entitled to look to either of these sources for information as to a fact which ought to be conveyed to us through the record, but we must presume, in support of the judgment of the circuit court, that the fact was as the judge of the probate court has stated it.

A second answer to this contention is, that under the de-

cision of the supreme court quoted in the foregoing opinion, the claim was not barred if exhibited within two years from the time when it accrued. It must therefore fall in some class; and, as it could not fall in the fifth class under the view of the statute which we have taken, it could only fall in the sixth class.

A third answer is, that the appellants, having got as much as they are entitled to under the law, by having the claim placed in the sixth class, are not in a position to complain that the result is illogical; for a strict and literal compliance with the statute would have rejected it altogether.

We cannot sanction a rule which would disturb the classification of demands prescribed by the statute, in order to let in demands, contingent when the classification was made, but which may have matured long afterwards. Such demands are not to be entirely barred if presented within two years after they accrue, but they must fall into the sixth class and take their chances of payment there. The judgment of the circuit court is accordingly affirmed. All the judges concur.