**J. A. BAUER ET AL., Appellants, v. M. L. GRAY, Administrator, Respondent.**

**St. Louis Court of Appeals, June 2, 1885.**

1. AGENCY—PRINCIPAL AND SURETY—SUBROGATION.—A surety who pays his principal's debt has a right of action against his principal for the sum paid, and a right of subrogation to the securities in the creditor's hands.

2. ——— ADMINISTRATION—LIMITATIONS.—The demand of a surety for

reimbursement for money paid on his principal's account after the latter's death, must be presented within two years after such payment or it becomes barred by the statute of limitations.

3. —— Such a demand can not be allowed by the probate court and ordered paid in the final order of distribution after it has become barred by the statute of limitations, although the administator has taken credit for the amount so paid by the surety.

APPEAL from the St. Louis Circuit Court, HORNER, J.

*Affirmed.*

A. J. P. GARESCHE, for the appellants : Jurisdiction of probate court. *Pearce v. Calhoun,* 59 Mo. 274; *May's Heirs v. May's Adr.,* 28 Ala. 151, sec. 4; *Hawley v. Botsford,* 27 Conn. 83; Crs. McCullough, suc'n, 20 La. Ann. 175; *Monroe v. Holmes,* 13 Allen Mass. 112; *Suzenberge v. Gourley,* 56 Pa. S. R. 171; *Wheeler v. Goffe,* 26 Texas 660; *Brought v. Griffith,* 16 Iowa 35. As to jurisdiction of equity no need to cite other than the authorities collated in support of plaintiff's right to recover, and *1st Bap. Ch. v. Robertson,* 71 Mo. 334. Concurrent jurisdiction of circuit and probate court : *Brought v. Griffith,* 16 Iowa 26; *High's Adr. v. Worley,* 32 Ala. 709. Plaintiff's right to recover. *Fay v. Taylor,* 2 Gray Mass. 160; *Garr v. Martin,* 20 N. Y. 311; *Wilson v. Doster,* 7 Ired. Eq. R. 233; *Monroe v. Holmes,* 13 Allen Mass. 110; *Dunbar v. Tainter,* 7 Cushing Mass. R. 574; *Smith v. Smith,* 5 Ired. Eq. R. 34; *Allen v. Smitherman,* 6 *Ib.* Eq. R. 341.

M. L. GRAY, for the respondent : The remedy is not on the bond, but on the implied promise to refund. *Blake v. Downy,* 51 Mo. 437; *Halliburton v. Carter,* 55 Mo. 435. All creditors must present and have allowed their claims against the estates of deceased debtors, within the prescribed time after the debt accrues. *Hearne v. Keith,* 63 Mo. 89; *Burckhartt v. Helfrich,* 77 Mo. 376; *Burton v. Rutherford,* 49 Mo. 257; *Greenabaum v. Elliott,* 60 Mo. 32. The statute of limitations applies to actions in equity. *Rogers v. Brown,* 61 Mo. 187. The

probate court had exclusive jurisdiction to ascertain how much McGilway failed to account for, and the circuit. court had no jurisdiction to determine how much McGilway owed, or had failed to account for.. *Pearce v. Calhoun*, 59 Mo. 271; *Ensworth v. Curd*, 68 Mo. 282.

THOMPSON, J., delivered the opinion of the court.

This controversy arises in this way: The defendant, M. L. Gray, administrator of the estate of Constantine· McGilway, deceased, made his final settlement in the probate court, showing a balance of $1,597.77 in his hands for distribution. The probate court ordered this balance to be distributed to the widow and children of the deceased. Thereupon these plaintiffs, Joseph A. Bauer and John Mullery, filed a motion to have the order· of distribution set aside, and for an order upon the defendant to repay to them an amount which had been paid by them in satisfaction of a certain judgment against them as sureties of the decedent upon his bond, given as surviving partner administering upon the assets of the late firm of Clement & McGilway. The probate court overruled this motion; Bauer and Mullery appealed to the circuit court; upon a hearing *de novo* in that court without a jury, judgment was rendered for the defendant, and the plaintiffs, Bauer and Mullery, have· appealed to this court.

The facts of the controversy set out in their full detail would make a long story, and down to a certain point, they are told in the opinion of this court delivered by Judge Bakewell in the case of *Gray, Administrator, v. Clement, Executor*, 12 Mo. App. 579. The substance of it is this: Clement and McGilway were partners in St. Louis. Clement died in October, 1875, and McGilway administered upon the partnership effects, giving bond as such administrator, with ˙Bauer and Mullery, the plaintiffs in the present action, as sureties. McGilway died in July, 1876, and Gray, the present defendant, succeeded him as administrator of his estate. In .January, 1877, Mary H. Clement, widow of the deceased Clement, gave. bond as administratix *de bonis non.*

of the partnership estate of Clement & McGilway, thus becoming the successor in the trust of the deceased McGilway. She instituted a proceeding under Revised Statutes, section 50, against Gray as administrator, and against Bauer and Mullery as sureties of McGilway, her predecessor in the trust, and recovered a judgment against them in the sum of $3,751.68. The sureties immediately brought an action in equity in the circuit court, jointly with Gray as administrator of McGilway, alleging that McGilway's estate was insolvent, seeking to restrain the collection of the judgment of the probate court, and to have the interest of the estate of McGilway in the partnership estate ascertained and applied in reduction of the judgment, offering to pay any deficiency which should be ascertained after the judgment should be thus reduced, and praying that the collection of the residue of the judgment be enjoined. The case was sent to a referee, upon whose report, the parties consenting thereto, the court found that the indebtedness of McGilway's estate was greater than the judgment which the probate court had rendered, by the sum of $736.32, that is to say, that it was $4,435; and that McGilway's interest in the partnership estate was $3,221.91, which, deducted from the former sum, leaves the sum of $1,213.41; and the court thereupon rendered a decree that, upon the payment of this last sum by Bauer and Mullery to Mrs. Clement, each paying one-half thereof and taking a receipt therefor, the collection of the judgment of the probate court be enjoined.

Subsequently Mrs. Clement made her final settlement in the probate court as administratrix *de bonis non* of the partnership estate, in which she claimed that the estate of McGilway was indebted to the partnership estate in the sum of $211.61. Gray, as administrator of McGilway's estate, filed exceptions to this final settlement, claiming that sundry credits in favor of the administratrix should be stricken out. From the order made by the probate court upon such exceptions, an appeal was taken to the circuit court, in which court a judgment was rendered in favor of Gray, as administrator

of McGilway's estate, in the sum of $1,133.07. An appeal was taken by Mrs. Clement to this court, and this court affirmed the judgment of the circuit court. *Gray v. Clement*, 12 Mo. App. 579. On the 13th of June, 1882, the judgment of the circuit court, thus affirmed, with interest, amounting in all to $1,201.67, was paid and was charged to himself by Gray, in his settlement in the probate court, as a part of the assets of McGilway's estate. The judgment of the circuit court, thus affirmed and satisfied, was made up of the following elements: There was found to be in the hands of Mrs. Clement, as assets of the partnership estate $1,835.59, of which $702.90 was ordered to be paid to the estate of Clement, deceased, and the sum of $1,133.07 paid to the estate of McGilway, deceased. The bill of exceptions recites: "That this balance in favor of said McGilway would not have existed in favor of McGilway's estate, but Gray, as administrator thereof, in the said final settlement of the co-partnership of Clement and McGilway, took credit for and was allowed the sum of $1,213.43, together with interest, for sums so paid by plaintiffs in satisfaction of said judgment of $3,751.68." This recital is equivalent to a statement that Gray got back from the administratrix of the partnership estate of Clement and McGilway the sum of $1,213.43 with interest thereon, which Bauer and Mullery had paid to that estate as sureties on the bond of McGilway as administrator thereof. And having got it back, the question here in controversy is to whom it belongs; whether it belongs to Bauer and Mullery, by whom it was paid to the partnership estate, or whether it belongs to the widow and children of McGilway, and whether they can be allowed to reap the benefit of McGilway's wrong, by taking money which was paid by his sureties to make good that wrong. If the probate court had had power to deal with it as an ordinary question of equity, there is not a particle of doubt as to what the decision of the learned and upright judge of that court would have been. No chancellor would stop at pronouncing such a result inequitable; he would call it iniquitous. But the probate court is not a court of general chancery powers.

In the distribution of estates it exercises a jurisdiction which is carefully defined at every point by statute. The statute is the grant to those courts of their powers, and it is of the highest importance that in exercising those powers they should keep within the limits marked out by the statute. The reason is that many of the judges of our courts of probate are men unlearned in the law, and if they were at liberty to step beyond the limits of the statute and exercise the supposed powers of chancellors, they would substitute an irregular and untrained discretion for a system of law, which, properly administered and carefully attended to by all parties in interest, is in nearly all cases adequate for the administration and settlement of the estates of deceased persons in such a manner as to effect practical justice.

In order to solve the controversy before us, it is scarcely necessary to do more than consider the status of the opposing parties in respect of the fund in controversy. In what character did Gray receive this fund from the partnership estate of Clement and McGilway? It is not suggested that he received it in the character of agent or trustee for Bauer and Mullery, or in any other character than that of administrator of the estate of McGilway. It was in that character that he claimed it, and the record shows that it was in that character that it was awarded to him, and so does the opinion of this court confirming that award. *Gray v. Clement*, 12 Mo. App. 579. He then received and held this fund as administrator of McGilway's estate; he was bound to charge himself with it as such; this, as the record shows, he did; he was bound to report it to the court as assets in his final settlement; he was bound to distribute it in accordance with an order of the probate court made upon such final settlement, or upon an order of some higher court on appeal; and if, disregarding these obligations, he had paid it over to Bauer and Mullery under the idea that he had received it as a trust fund belonging to them, he would have been answerable on his bond.

Such being his relation to the fund, let us inquire what was the relation of Bauer and Mullery to it. When

they paid the $1,213.43 to the partnership estate, as the sureties of McGilway, they acquired merely the status of creditors of the estate of McGilway ; nothing more, nothing less.   When a surety pays the debt of his principal, an implied promise arises on the part of the principal to reimburse the surety, and that promise will support an action at law.   *Halliburton v. Carter*, 55 Mo. 435 ; *Blake v. Downey*, 51 Mo. 437.   He becomes the creditor of his principal then and only then.   *Hearne v. Keath*, 63 Mo. 84, 89.   If his principal be alive, an action at law accrues in his favor against such principal at that time and not before ; if he be dead the right accrues to him to exhibit a demand to his administrator for the amount so paid, and to have it classified as an ordinary debt, having reference to the date when it is exhibited, and paid out of the estate in the regular course of administration, if there be funds to pay it.   *Burkhartt v. Helfrich*, 77 Mo. 376.   Moreover the surety has a right to be subrogated in equity to whatever additional security the creditor of his principal had in respect to the particular debt which the surety has then paid for his principal.   If he pays a bond which is also secured by a mortgage, a court of equity will, upon a bill filed by him for that purpose, subrogate him to the rights of the creditor in respect of the mortgage.   In these cases equity proceeds upon a somewhat different principle from that which governs in cases at law ; the mortgage or other security is not in contemplation of equity discharged by the mere fact of the payment by the surety of the debt which is thereby secured, but a court of equity will keep it alive for the protection of the surety.   On the other hand, equity will, under certain circumstances, appropriate for the benefit of the creditor a collateral security which has been created by the debtor primarily for the indemnity of his surety.

But this subrogation does not take place by the mere operation of law ; it can only be had as the result of a proceeding in equity, upon a bill showing a right to the relief and bringing into court the necessary parties. The right of the surety to be thus subrogated accrues concurrently with his right of action at law against the

principal, whenever the surety pays the debt of the latter. It is a right of no higher or more sacred character than any other right of the creditor to get from the property of his debtor that which is due him. It may, therefore, be lost by laches, or barred by the statute of limitations. In this case we are of opinion that, if such a right existed, it was barred by limitation. Suppose such a right existed; concede what is claimed for it, that it was a right on the part of Bauer and Mullery when they paid the $1,213.43, upon the judgment of the probate court in favor of the partnership estate against McGilway's estate, for the purpose of having the further collection of the judgment enjoined, to be subrogated to any rights which Mrs. Clement, as administratrix of the partnership estate, may have had in virtue of that judgment against McGilway's estate. And what were her rights in virtue of that judgment against McGilway's estate? Merely the right to have it classified as a demand by McGilway's administrator and paid in due course of administration. This was no higher right than Bauer and Mullery had as mere creditors of McGilway's estate. Whichever course they might have taken, the direct course of presenting their demand against McGilway's administrator, or the indirect and useless course of having themselves subrogated to the rights of Mrs. Clement in the judgment of the probate court, they would have ultimately landed in the same position, that of creditors of the estate of McGilway, exhibiting a demand against his administrator for classification and payment.

Now, the statute (Rev. Stat., sect. 185) made it imperative on them to exhibit such demand within two years after letters granted (advertisement having been duly made as prescribed by the statute), or suffer the same to be forever barred. They did not do this. They apparently rested upon the supposition that the estate of McGilway was insolvent, and that no contingency would bring into the hands of its administrator enough money to reimburse them. They waited until, by the diligence of the administrator, such money came, and then the two years had elapsed and it was too late to exhibit their

demand. Finding themselves in this predicament, they ask us, on the ground of their manifest equities and of the great hardship of their position, to set aside the statute and to allow them to make their demand for the first time, after the administrator has filed his final settlement and an order of distribution has been made thereon. We recognize their equities; we sympathize with the hardship of their case; but we can not set aside the law. The position of the plaintiffs is no better than that of any other creditor, in any other case, whose demand is barred by limitation. The circuit court can not, on an appeal from the probate court, exercise any larger jurisdiction than the probate court possessed; and, as our supreme court has said in a late case, speaking upon the effect of this statute of limitation, "our probate courts have no such equitable discretion or jurisdiction. Their functions are statutory. Under such a statute as ours the courts, in the matter of allowances and classification of demands, have felt bound by the letter of the law." *Burckhartt v. Helfrich*, 77 Mo. 381. "The provision," said Bakewell, J., "is enacted from motives of public policy, and the administrator has no right to waive its terms." *Spalding v. Suss*, 4 Mo. App. 541, 553. And it was held in this last case that the statute can not be disregarded, although the claimant may have been induced to refrain from filing his claims through false and fraudulent statements of the administrator as to what he would accept as notice thereof. We have adhered to this rule, which exacts a strict compliance with the statute, in subsequent cases. It has been a rule of universal application in this state. The only exception which has been made to it has been that the period of limitation does not begin to run until the right to exhibit the demand accrues. *Pearce v. Calhoun*, 59 Mo. 271, 274; *Greenbaum v. Elliott*, 60 Mo. 25, 32; *Burton v. Rutherford*, 49 Mo. 255; *Finney v. State*, 9 Mo. 227, 229; *Williams v. Penn*, 12 Mo. App. 393. The case of *Burton v. Rutherford*, (*supra*), applies the rule in a case like the case before us, by holding that, upon the payment of a note by a surety, his right of action

accrues from the date of payment, and the statute of limitations prescribed in the administration law, which we are considering, begins to run from that time.

The payment of the $1,213.43 by Bauer and Mullery was made on the 25th of February, 1878. If they had exhibited it as a demand against McGilway's estate within two years from that date, they would have been in a position to catch the windfall which finally came from the partnership estate. But they waited until the 20th of January, 1883, and then endeavored to reach the same result by moving the probate court to set aside the order of distribution, which it had made upon the final settlement of the defendant as McGilway's administrator. This they could not do.

Other questions have been presented, but we do not think it necessary to consider them, nor to consider the propriety of the instructions given and refused; since it is apparent, for the reasons above stated, that the circuit court, in giving judgment for the defendant rendered the only judgment which could lawfully have been rendered upon the admitted facts of the case.

The judgment is accordingly affirmed. All the judges concur.