## ELI STEVENS et al. v. SARAH A. STEVENS et al., Appellants.

### Division One, February 18, 1903.

1. **Unmatured Debts of Deceased Persons:** REAL ESTATE: PARTITION. There is no Missouri statute which permits the court to adjust demands in respect to real estate not yet due, or to ascertain the present value of contingent demands and order the land to be sold and the ascertained present value to be paid at once. Nor is there any rule of common law, nor does it belong to the inherent powers of the court, to make notes secured by a mortgage fall due sooner than their terms prescribe, or to make certain a liability expressed on the face of the instruments to be contingent.

Stevens v. Stevens.

2. ——: ——: ——: MORTGAGE NOTES NOT DUE. Each one of the nine notes secured by a deed of trust on the land sought to be partitioned, provided that "this note is made and executed to the payees herein on the sole condition that the death of the payees shall act as the equivalent of a payment of this note and satisfy the same in full." Each was for $200 payable to the father and mother of one of the makers (the other being his wife) and one became due each year, and after two years the son died without issue, and his wife electing to take her statutory half interest in her husband's land, his father and mother (the payees) and the other heirs brought suit in partition against her long before the last of the notes matured. *Held,* that as there was a contingent liability expressed on the face of the notes and deed of trust, to-wit, that they were not to be payable in case of the death of the payees, the court had no authority to ascertain the present value of the notes not then due, and order the land to be sold and this ascertained value to be paid out of the proceeds and the balance distributed among the heirs. In this case, as one of the payees was eighty years old and the other a little younger, and both were parties to the suit and the last note had still nearly six years to run at the time the judgment was entered, possible justice might have been reached by ordering that an amount equal to the principal of the unpaid notes be reserved from the proceeds of the partition sale in the registry of the court, or loaned out under its direction, to meet the notes when they fell due, the balance of the proceeds of the sale to be distributed, the order further providing that if the payees died before the maturity of a note the balance of the money reserved should also be distributed in like manner.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*W. W. Fry* for appellants.

The notes are not payable certain. The payees have not presented the unpaid notes for allowance against the estate of the maker. They instituted this partition suit, and the trial court on hearing finds the present value of the notes, and forces payment of the same before maturity. This is in direct violation of the contract. This could not be forced upon the maker if living, and by what law have the payees any greater

right against his estate or the co-tenants? The present value of dower or curtesy by virtue of our statute may be found and adjudged in a partition proceeding, but the allowance of a gross sum in lieu of dower is purely statutory. R. S. 1899, sec. 4415; Bonner v. Peterson, 44 Ill. 253; 2 Scribner on Dower (2 Ed.), p. 653.

*P. H. Cullen* for respondents.

(1) An annuitant may prove the present value of his annuity as a demand not yet due against the estate and the property of a deceased obligor. It has been expressly so decided in this State. R. S. 1899, sec. 204; Schmieding v. Doellner, 13 Mo. App. 228; Woerner's Am. Law of Ad. (2 Ed.), sec. 393. (2) Plaintiffs Eli and Lucinda Stevens occupy the position of dual plaintiffs. As heirs of A. E. Stevens, they are indispensable parties to the partition proceedings proper, each owning an undivided one-tenth of the land in fee. As beneficiaries in the deed of trust before the institution of the suit, they are proper parties. Becker v. Stroeher, 167 Mo. 320; Harbison v. Sanford, 90 Mo. 477; R. S. 1899, secs. 4376-4378. (3) It is also true that limitations attending, partition proceedings are constantly weakening and the tendency is to do full and complete justice in one action. The court shall declare the right, title and interest of the parties which makes it obligatory upon it to determine the amount due on any mortgage on any part of it. R. S. 1899, sec. 4386; Rheinhardt v. Windeck, 40 Mo. 577; In re Tyler Settlement, 40 Mo. App. 373; Budde v. Rebenack, 137 Mo. 179. (4) Partition of lands may be had before the estate of the decedent, from whom the lands descended, is settled, but the order of distribution shall not apply until such estate shall have been finally settled. R. S. 1899, sec. 4384; Chrisman v. Divinia, 141 Mo. 122; Mills v. Mills, 141 Mo. 195. (5) While the entire estate is liable for a debt secured by mortgage, yet the estate can not be forced to pay it "until the security held by

the claimant has been exhausted," and the claim may be established by any court of record.   R. S. 1899, sec. 191.

MARSHALL, J.—This is an action for the partition of the northwest quarter of section two, township fifty-two, range seven, in Audrain county.   Alexander E. Stevens died in February, 1899, without issue, intestate, owning this land, and leaving his wife, the defendant, Sarah A. Stevens, and his father and mother and three brothers, the plaintiffs herein, surviving him as his heirs.   His widow elected to take a child's share.

On December 24, 1896, said Alexander E. Stevens and Sarah A., his wife, executed a deed of trust upon the south half of said property, to secure the payment of nine promissory notes for $200 each, payable on the first day of January of each year from 1898 to 1906 inclusive, payable to his father and mother, Eli and Lucinda.   The notes each contained this provision: "This note is made and executed to the payees herein on the sole condition that the death of the payees shall act as the equivalent of a payment of this note and satisfy the same in full."

The deed of trust contained an equivalent provision.   The two notes maturing January 1, 1898 and 1899, were paid before Alexander Stevens' death.   The personal estate was sufficient to pay all the debts except the seven notes aforesaid.   The trial court decreed partition, ascertained the present value of the seven notes to be $1,184.65, adjudged the land incapable of partition in kind, ordered the land sold, and directed the proceeds of the portion subject to the deed of trust to be applied to the payment of the ascertained value of the seven notes, and directed the balance, with the proceeds of the sale of the portion not subject to the deed of trust to be divided as follows: one-half to the widow, the defendant, and the other half to be divided between the mother, father and three brothers of the deceased, in equal shares.

The court, however, concluded its judgment as follows: "The court not being satisfied from the evidence that the personal property belonging to the estate of A. E. Stevens is more than sufficient to pay all claims and demands against the same, it is ordered that distribution be suspended until said estate shall have been finally settled and all claims against the same are fully discharged."

The father was about eighty years old at the time of the trial and the mother a year or two younger. The father and mother, the beneficiaries in the deed of trust, are parties plaintiff herein, and the trustee in the deed of trust is made a party defendant with the widow of the deceased. The widow appealed from the judgment of the circuit court.

## I.

The sole question arising on this record for adjudication is as to the ruling of the trial court in ascertaining the then present value of the seven notes not then due, and ordering that value to be presently paid out of the proceeds of the sale of the portion of the property covered by the mortgage which secured those notes.

The plaintiffs in supporting this ruling rely chiefly upon the case of Schmieding v. Doellner, 13 Mo. App. 228. That was a case where a husband bound himself by a bond, secured by a deed of trust, to pay his wife a certain annuity during her life. The husband died, and the wife asked to have her contingent claim allowed against the estate of her deceased husband. The court ascertained the present value of the annuity and allowed it against his estate. The case was controlled by sections 205 and 206 of the Revised Statutes of 1879, which provided as follows:

"Sec. 205. When the demand or set-off is not due at the time of the trial, the court may adjust the same, and a judgment may be rendered thereon for the amount, according to the findings of the jury or judg-

ment of the court, or, at the option of the parties, by rebating therefrom, at the rate of six per cent per annum, from the time of trial until due.

"Sec. 206. In case the parties do not agree to rebate the demand or set-off, as provided for in the preceding section, no execution shall issue upon any such judgment until the demand or set-off upon which the judgment was rendered shall become due and payable."

It will be noted, however, that that case is unlike the case at bar, in that it was presented as a demand against the personal estate of the obligor, while this is a suit for partition among the heirs of the obligor. Of course the claim against the estate of a deceased person must be presented within the time limited by statute or it will be barred. Hence, if the claim is not due, the probate court must *adjust* it, as the statute now is (R. S. 1899, sec. 204) or as the statute of 1879 was, the court was required to adjust it, or, at the option of the parties, rebate it at the rate of six per cent per annum, or if the parties refused to accept the rebate, the court allowed the claim but stayed the execution until the debt became due.

Woerner's American Law of Administration (2 Ed.), volume 2, section 393, speaking of allowing claims that have not matured against an estate, says: "In accordance with the policy of speedy settlements of the estates of deceased persons, aimed at in most of the statutory provisions of the American States, most of them enable debts payable, according to the contract entered into by the deceased, at a future time, to be presented to the administrator and adjusted before their maturity." The author points out that in thirty-three States, statutory provisions to this end have been adopted, and refers to section 203, Revised Statutes of Missouri of 1889 (being sec. 204, R. S. 1899) as the statute in this State on the subject.

The author further says: "To be proved and allowed as subsisting claims, they must constitute absolute debts running to certain maturity, such as

Vol 172 mo—3.

promissory notes, and the like.    In Missouri unaccrued rent under a covenant to pay rent is held to be a demand entitled to be proved against the lessee's estate as an unmatured claim; but elsewhere this is denied, unaccrued rent being held to be neither *debitum* nor *solvendum*—never payable if the lessee should be evicted before the day on which it is payable.    Reason and the trend of authorities seem clearly to support this view."    [Ibid, sec. 393.]

The case of Traylor v. Cabanne, 8 Mo. App. 131, is cited as the Missouri case holding that unaccrued rent could be proved against an estate.    That case does so hold, but there was no extended discussion or examination of the question indulged in.    The statute was simply referred to as covering the case.    The question arose again in Kavanaugh v. Shaughnessy, 41 Mo. App. 657, and the St. Louis Court of Appeals (which court had also decided the case of Traylor v. Cabanne) after referring to sections 205 and 206, Revised Statutes 1879, said:

"The defendant claims that the word *demand* in those sections does not and can not include rent not due and unearned, as rent is in no sense a debt before the day on which it is covenanted to be paid.    As GRAY, C. J., aptly says in Deane v. Caldwell, 127 Mass. 242, 'It is neither *debitum* nor *solvendum;* for, if the lessee is evicted before that day, it never becomes payable. . . .    It is not an existing demand, the cause of action on which depends upon a contingency, but the very existence of the demands depends upon a contingency.'    If the case were one of first impression, we would not hesitate to say that this objection is well taken.    It seems to us that the statute, when speaking of demands, has reference to cases of absolute liability, which, although not due when presented, are running to a certain maturity, and not to cases where the existence of the future liability is contingent and uncertain.    But this court at an early day in Traylor v. Cabanne, 8 Mo. App. 131, 135, took a different view of the law, and it is fairly presumable that courts exercising probate jurisdiction

in this State have since that time followed that ruling, and it should not be disturbed, unless such ruling not only is logically incorrect, but also leads to unjust results.

"Now, while we incline to the opinion that the interpretation of the word 'demand' contended for by the defendant is the correct one, yet it is of no practical importance, which one of the two interpretations is adopted. The judgment in this case is that the recovery should not be enforcible, until the rent becomes actually due, and the rent can not become actually due, until it is earned. Should the tenant, or those claiming under him, be evicted by holders of a paramount title prior to the expiration of the lease, or should the beneficial enjoyment of the estate by them cease by reason of causes absolving them from the further payment of rent under the covenants of the lease, the tenant or his representative could show that fact in resisting the enforcement of the judgment with the same effect as if the judgment *pro tanto* had been paid. The reasoning of the court in Barclay v. Pickler, 38 Mo. 146, leads to the conclusion that the tenant would be at liberty to do this, and we see no technical difficulties in the way. Under these circumstances we do not feel at liberty to disturb a ruling acquiesced in by the court for many years, simply because we have serious doubts of its abstract logical accuracy. It is of importance to all citizens that the law should be stable and certain."

In Garesche v. Lewis, 15 Mo. App. 565, a demand for unpaid stock subscription in an insolvent corporation was presented for allowance. It was objected that the claim was barred because it was not presented within two years. The trial court entered judgment for the defendant, and this judgment was affirmed by the St. Louis Court of Appeals. That court, speaking of allowing claims not due, said:

"The mere fact that a demand is not due is not necessarily a sufficient excuse for its non-presentation against the estate, because the statute provides (R. S. 1879, secs. 205, 206) that when the demand is not due, the

court may adjust the same, and render judgment for the amount, or, at the option of the parties, by rebating therefrom at the rate of six per cent, until due; if the parties do not agree to the rebate, then no execution shall issue upon the judgment until the demand becomes due. It has been repeatedly decided that the special statute of limitation begins to run from the time the substantial right of recovery accrues. [Burton v. Rutherford, 49 Mo. 258; Greenabaum v. Elliott, 60 Mo. 32; Chambers v. Smith's Admr., 23 Mo. 174; Miller v. Woodward, 8 Mo. 169; Finney v. State, 9 Mo. 227.] And that it does not begin to run in the case of a dormant warranty, until a right to a substantial recovery accrues. [Chambers v. Smith's Admr., 23 Mo. 174; Miller v. Woodward, 8 Mo. 169.] But whilst such inchoate and merely contingent demands need not be exhibited until there is a substantial right of recovery, the statute seems to contemplate that all claims capable of being exhibited, whether due or not, if running to certain maturity, shall be barred if not exhibited within the period limited by the administration law for their exhibition to the administrator."

This court adopted the opinion of the Court of Appeals, and affirmed its judgment. [Garesche v. Lewis, 93 Mo. 197.]

Woerner's Law of Administration (2 Ed.), volume 2, section 394, speaking of contingent claims, says: "Claims not absolute or certain, but depending upon some event after the debtor's death, which may or may not happen, are not enforcible against executors or administrators after they have fully administered, without notice that such claim has become absolute." And in the note to this section, the learned author quotes from Poland, C. J., in Sargent v. Kimball, 37 Vt. 320, as follows: "A contingent claim is where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there will ever be a liability."

Thus the distinction fully appears between contingent demands and demands "running to certain ma-

turity.'' Stock subscriptions were held to belong to the latter class in Garesche v. Lewis, and unpaid rents under a covenant in a lease were held to belong to the same class in Traylor v. Cabanne, but afterwards this decision was utterly discredited in Kavanaugh v. Shaughnessy, and the judgment allowed to stand in that case partly on the principle of *stare decisis,* but partly, and it must have been principally, on the ground that: ''The judgment in this case is that the recovery shall not be enforcible, until the rent becomes actually due, and the rent can not become actually due, until it is earned,'' the Court of Appeals, pointedly saying: ''It seems to us that the statute, when speaking of demands, has reference to cases of absolute liability, which, although not due when presented, are running to a certain maturity, and not to cases where the future liability is contingent and uncertain.''

It is manifest that because the statute bars claims not exhibited against an estate within the period limited, and because of the policy of speedily administering upon estates, there was a reason and necessity for the statutory provision allowing the probate court to adjust demands that are not yet due, but which will surely become due in regular course of time, but the statute was not intended to cover contingent claims which might never become debts.

In respect to the real estate that descends to the heirs, however, there is no statute which permits any court to adjust demands not yet due, or to ascertain the present value of contingent demands, and order the land to be sold and the ascertained present value to be paid at once. Such a course would make certain, to the extent of the ascertained value, a contingent liability that might never become a fixed debt, and would pay presently that sum when otherwise it might never become payable. The Legislature has given no such power to the courts, either for the speedy settlement of partition suits or otherwise. If any such power rests in the courts it must be inherent. This court has held that in suits for partition the beneficial holder of a

deed of trust, or the mortgagee in a mortgage, on the land may be made a party. [Becker v. Stroeher, 167 Mo. l. c. 320; Harbison v. Sanford, 90 Mo. l. c. 481.]

The fact, however, that there is an outstanding mortgage on the land, and that the mortgagee is not made a party, will not bar a suit for partition. The judgment, however, will not affect or bind the mortgagee in such a case. But the land can be partitioned subject to the mortgage. [Waite v. Bingley, 21 L. R. Ch. Div. l. c. 681; Cheney v. Ricks, 168 Ill. l. c. 546; Walker v. Walker, 3 Abbott's New Cases (N. Y.) 12; Fennell v. Tucker, 49 Ala. 453.]

Speaking to this question, Knapp on Partition, pp. 96-97, aptly states the reason for making incumbrancers parties to the suit, as follows:

"Some courts have held, and especially in the last case cited, that it is not necessary to make judgment creditors and others, having incumbrances upon premises, parties to a bill for partition, even where a sale of the premises is decreed, and where they were made parties in such a case by a supplementary bill it was held that the bill should be dismissed, as in the case of Swan v. Swan (Eng. Exch.), 8 Price 518. This action was a bill for partition of premises mortgaged by a common owner to a third person. At a hearing, it was argued for the defendant that the mortgagee should have been before the court, as he was a party in interest. But it was decided that the court could not make the mortgagee agree to a partition, because he is entitled to the whole. This decision undoubtedly was correct. But it is hard for one to see, under the present practice, why the mortgagee, or, in fact, any person having incumbrances upon premises, should not be made party defendant to the action. It is true that the mortgage liens, and, perhaps, the judgment liens, rest upon the whole property sought to be partitioned. But the purchaser, upon the sale, should know the standing of those holding such liens, and should know the exact position and circumstances governing and controlling the premises bid in by him. Then if those incumbrancers are

not made parties to the action, they might proceed to enforce their liens. In that case, it would multiply expense and costs, and create many difficulties not necessary in such proceedings. And it is assumed to be the late practice that all persons, having an interest or lien in or upon the property of any kind, shall be brought into court, so that the court may adjudicate their claims. It is not to be assumed that the court can compel the mortgagee to receive the money secured to him by his mortgage, before the same becomes due; neither is it to be assumed that the court can compel such an owner of a lien to allow his lien to rest upon any part or portion of the property, or to take any satisfaction of his lien in part of the property. But he has rights in the premises, which the court has power to examine, which all parties to the case have a right to understand, especially the purchaser. And for these reasons, we believe that the latter practice of bringing all persons who have an interest before the court is the proper and better way in such cases.''

But however proper or desirable it may be to adjust the claims of a mortgagee in a partition suit or to afford a clear title to the purchaser at a partition sale, no such considerations give countenance or support to the judgment in this case. If it be that the land could not be advantageously sold subject to the deed of trust, and if it be that it was proper to sell the land free of the incumbrance, this could not make the notes fall due sooner than their terms prescribed, nor could it give the court the right to make certain the contingent liability expressed on the face of the notes and deed of trust that the death of the payees should extinguish the notes. There is no reason or rule of law for computing the present value of the notes and paying that at once out of the proceeds of the sale of the mortgaged land. The notes were for $1,400. The court computed their present value to be $1,184. The father was eighty years old and the mother a little younger. The judgment was rendered June 4, 1900. The notes were payable the first day of January of each year until 1906.

Therefore, to entitle the payees to recover the whole $1,400 they or one of them had to live until 1906. The court deducted $216 from the face of the notes and ordered the balance of $1,184 to be paid at once. The right of the payees to recover any part of the $1,400 was contingent upon their living until such installment fell due. The court wiped out the contingency, and made $1,184 payable immediately. This was error. If it was proper to sell the mortgaged land free of the incumbrance the court should have ordered that $1,400 of the proceeds of the sale of the mortgaged land be reserved in the registry of the court (or loaned out at interest under the direction of the court) to meet the installments or notes as and when they fell due, and then distribute the balance of the proceeds of the sale of the mortgaged lands among the parties. The order should have further provided that if the payees of the notes died, the remainder of the fund so reserved should be distributed among the parties in the proportion of their interests as ascertained and adjudged to the property. No practical difficulty could obstruct the efficiency of such judgment, but in that way each party would ultimately get all he was at any time entitled to, and no more, and the other heirs would not be compelled to pay to the father and mother a contingent liability that might never become a debt.

For these reasons the judgment of the circuit court is reversed and the cause remanded to be proceeded with in accordance herewith. All concur.