STATE OF MISSOURI EX REL. N. C. HUDSON, Respondent, v. K. C. MILLER ET AL., Appellants.

February 24, 1885.

1. BACK TAXES — EVIDENCE. — A tax bill can not be excluded, in an action for back taxes, because it is signed by a deputy collector.

2. —— In such an action, it is competent to show that the person who signed the tax bill as deputy collector was in fact a deputy collector.

3. —— PARTIES. — It is not necessary to make parties to such an action persons who have acquired interests in the land subsequently to the assessment of taxes.

4. —— PRACTICE — PAPERS FILED WITH PLEADINGS. — It is sufficient if the tax bills sued on are filed with the amended petition.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

A. R. TAYLOR and W. H. CLOPTON, for the appellants.

KING & CHAPIN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a suit for back taxes under the act of 1877 (Rev. Stats., sect. 6824, *et seq.*). The plaintiff had a judgment. It does not seem necesssary to do more than notice briefly the points of objection made by the two defendants, Dunn and Clopton, who alone have appealed.

I. The first objection is, as nearly as we can gather it from the appellant's brief, that the court erred in admitting in evidence a certified copy of the commission of Henry A. Voelkner as deputy tax collector. There was no error in

this ruling, unless the next objection of the defendants was well taken.

II. This was, that the court erred in admitting in evidence certified copies of the tax bills sued on, because they appeared to have been signed by Henry A. Voelkner, deputy collector, and not by the collector alone. They were signed by the name and official title of the collector, with the addition, " per H. A. Voelkner, deputy." This objection has nothing in it. By section 33 of the charter of the city of St. Louis, of which we take judicial notice, it is provided that " the collector may appoint deputies, by an instrument in writing duly signed, and may also revoke any such appointment at pleasure, and may require bonds or other securities from such deputies to secure himself; and each such deputy shall have like authority in every respect to collect the taxes levied or assessed within the city or any part thereof, which by law is vested in the collector himself." Section 6743, Revised Statutes, which relates to tax collectors generally, is in substantially the same language. There is nothing in the argument that this language restricts the power of the deputy to the collection of taxes ; since the power to collect taxes necessarily includes the power to make out and certify back tax bills, and to do all other acts necessary to the collection of taxes. It was, therefore, competent to show by a certified copy of his commission, which was competent evidence for that purpose, that the person who had certified these tax bills as the collector's deputy, was, in fact, such deputy.

III. Another objection made to the tax bills, when offered in evidence, was that they were not filed with the petition ; they were filed with the amended petition on which the cause was tried, and that was enough.

IV. The next objection is that the tax bills do not conform to the back tax book, which was also put in evidence by the plaintiff. We do not see any substantial discrepancy between the bills and the book, nor do we see any ground

for the assertion that the book was not maae out and delivered to the collector before the suit was brought. The book on its face shows the contrary.

V. Finally, it is argued that the assessment is not made in the names of all the persons who were apparent owners of record of the property. To show this, the defendants, Dunn and Clopton, put in evidence a deed from George C. Miller to Daniel T. Jewett, dated June 22, 1879, and a subsequent deed from Jewett to Edward C. Smith conveying interests in this land.

It is a sufficient answer to this petition to say that these taxes were assessed for the years 1875, 1876, and 1877, and that, under the law (Rev. Stats., sect. 6705), they consequently must have been assessed prior to the making of these deeds.

The judgment is affirmed. All the judges concur.