| 30 | 627 |
| 73 | 114 |

GEORGE T. PRICE, Appellant, v. WILLIAM McCAUSE, Administrator, etc., Respondent.

St. Louis Court of Appeals, April 24, 1888.

ADMINISTRATION—DEMAND BARRED BY LIMITATION.—Where letters of administration were granted on the sixteenth and publication made on the seventeenth of April, 1884, a demand which, without regard to the time or the sufficiency of notice to the administrator, was not presented for allowance in the probate court until February, 1887, was barred, and properly disallowed under Revised Statutes, sections 185, 188, 189.

APPEAL from the Lawrence Circuit Court, HON. M. G. McGREGOR, Judge.

*Affirmed.*

Wm. C. Price, for the appellant: The notice served on defendant of the fifth of March, 1884, though stating the wrong day of the month on which the Lawrence county probate court commenced, was a substantial compliance with the law. At least, that of the twenty-ninth of July, 1885, was, and the notice being by the provisions of section 198, Revised Statutes, the demand was legally exhibited from that date. Rev. Stat., secs. 184, 185. And said proceedings thenceforward constituted a legally exhibited demand against said estate—a *lis pendens*, for the final disposition of which the defendant was as much responsible as the plaintiff, by trial or otherwise; and the demand of 'plaintiff being legally exhibited to the court for allowance, within two years from the grant of first letters, the statute is fully satisfied. Rev. Stat., sec. 3239; *Cooper v. Duncan*, 20 Mo. App. 355; *Spaulding v. Sues*, 4 Mo. App. 541; *Bank v. Sauan*, 79 Mo. 527; *Wernse v. McPike*, 86 Mo. 565.

H. Brumback, for the respondent: The declaration asked by plaintiff and refused by the court is not correct, for the reason that it does not embrace the necessary additional premise, that " He shall have presented his demand to the court, in the manner provided by law for allowance, within two years after the granting of the first letters on the estate." Rev. Stat., sec. 189. It appears that he certainly did not present the demand to the court for allowance until the February term, 1887, which was ten months more than two years after the date of defendant's letters. The mere service of a notice on defendant, and also even the filing such notice in the probate court, did not effect a *lis pendens* as argued by plaintiff in analogy to the service of a summons. *Peirce v. Stinde*, 11 Mo. App. 364.

THOMPSON, J., delivered the opinion of the court.

The plaintiff presented for allowance in the probate court of Lawrence county a demand against the estate of John C. Price, deceased, consisting of a promissory note of the decedent, at the February term, 1887. The probate judge disallowed the demand, on the ground that it had not been presented for allowance within two years of the date of the letters of administration, and the plaintiff appealed to the circuit court. The circuit court disallowed the demand on the same ground, and the plaintiff brings the question by appeal to this court.

The letters of administration were granted on the sixteenth of April, 1884, and publication was duly made in conformity with the statute, beginning on the following day, April 17. On the second of March, 1885, the plaintiff served the administrator with notice that he would present the demand for allowance in the probate court at the next term thereof, to be holden on the first Monday in April. The next term of the probate court was not holden on the first, but on the second, Monday in April; and this notice was not followed up by the presentation of the demand at the April term at all. On the twenty-ninth of July, 1885, the plaintiff again served notice on the defendant that he would present the demand for allowance at the next regular term of the probate court, describing it. He did not follow up this notice by presenting the demand at the next regular term of the probate court, nor did he present it for allowance in the probate court until the February term, 1887. Before so presenting it for allowance, he served a third notice on the administrator, to-wit, on February 3, 1887, as follows: "That the demand of George T. Price against you, as such administrator, a copy of which was served on you on the twenty-ninth day of July, 1885, will be presented to the court of probate of Lawrence county, state of Missouri, for allowance, on the first day of a regular term of said court, to be begun and

held at the courthouse, in the town of Mount Vernon, in said county of Lawrence, the second Monday of February, 1887, or so soon thereafter as a hearing can be had." The notice of July 29, 1885, set out a copy of the note. The note itself was sent in an envelope to the judge of the probate court, who was also *ex-officio* clerk of said court, but not until after the lapse of two years from the granting of the letters of administration; and it was never formally presented in court for allowance until the February term, 1887. Such being the case, the probate judge, and after him the circuit court on appeal, held that the note was barred as a demand against the estate of the decedent.

Whether this ruling was correct, must be determined by a consideration of the following provisions of the Revised Statutes : "All demands against the estate of any deceased person shall be divided into the following classes :  *  *  *  V.  All demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate.  VI.  All demands thus exhibited, after the end of one year, and within two years after letters granted." Rev. Stat., sec. 184.

" All demands not thus exhibited in two years shall be forever barred, saving to infants, persons of unsound mind, or imprisoned, and married women, two years after the removal of their disability; and said two years shall begin to run from the date of the letters, where notice shall be published within thirty days, as provided in section eighty-seven, and in all other cases said two years shall begin to run from the date of publication of the notice." Rev. Stat., sec. 185. The notice provided by section eighty-seven was in this case published within thirty days, and, therefore, the limitation of two years provided by this section began to run in this case from the date of the letters, which was the sixteenth of April, 1884.

Was this demand "exhibited" within two years

from the date of the letters, within the meaning of this section? The answer to this question must depend upon a view of certain succeeding sections of the same statute. By one of these it is provided : "Any person desiring to establish a demand against any estate, shall deliver to the executor or administrator a written notice, containing a copy of the instrument of writing or account on which it is founded, and stating that he will present the same for allowance at the next regular or adjourned term of court." Rev. Stat., sec. 198. This was done in the present case, as above seen, for the first time on the second day of March, 1885,—unless we reject as nugatory the notice given on that date because it misdescribed the term of the court; and if we reject this notice, it was done for the first time on the twenty-ninth of July, 1885.

But something more is required than an exhibition of the demand to the executor or administrator in order to save the bar of the statute. This will be seen by reading together the two following sections: "Any person may exhibit his demand against such estate, by serving upon the executor or administrator a notice in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded ; and such claim shall be considered legally exhibited from the time of serving such notice." Rev. Stat., sec. 188. "No claimant shall avail himself of the benefit of the preceding section, unless he shall *present his demand to the court*, in the manner provided by law, for allowance within two years after the granting of the first letters on the estate." Rev. Stat., sec. 189.

We must either exscind the last section from the statute, or else conclude that a demand is not "exhibited," within the meaning of section one hundred and eighty-five, so as to save the bar of two years prescribed therein, unless it is exhibited to the executor or administrator in the manner prescribed by section one hundred and eighty-eight, and *also* presented to

the court for allowance within two years after the grant of the letters, as required by section one hundred and eighty-nine ; saving, of course, cases of persons under disability, and cases where the demand has not accrued until after the death of the decedent and where the notice prescribed by section eighty-seven has not been ·published within thirty days.

Section one hundred and eighty-five, Revised Statutes, has always been regarded as a statute of public policy, not to be frittered away by judicial interpretation or relaxed in favor of hard cases, or in view of the supposed equities of claimants. *Spaulding v. Suss*, 4 Mo. App. 541 ; *Nelson v. Haeberle*, 26 Mo. App. 3 ; *Bauer v. Gray*, 18 Mo. App. 171 ; *Pfeiffer v. Suss*, 73 Mo. 255 ; *Burckhartt v. Helfrich*, 77 Mo. 377 ; *Garesché v. Lewis*, 15 Mo. App. 565 ; *Williams v. Penn*, 12 Mo. App. 393. If the holder of a claim against the estate of a decedent can save the bar of the statute by exhibiting it to the executor or administrator within the statutory period, without presenting it to the probate court for allowance and classification before the expiration of such period, he can defeat the policy of the statute entirely and keep the estate open indefinitely. If, having exhibited it to the executor or administrator in time, he creates a *lis pendens* which stops the running of the statute, as counsel for the claimant would argue, so that he can come into court with it a year after expiration of the statutory period, he can come into court with it an indefinite time afterwards—at least so long as the estate remains open. This, we think, would be opposed to the letter and the policy of the statute.

We accordingly affirm the judgment of the circuit court. It is so ordered. All the judges concur.