THE FARMERS' SAVINGS BANK OF MARSHALL, Respondent, v. JOHN BURGIN, Administrator, Etc., Appellant.

Kansas City Court of Appeals, January 10, 1898.

1. **Administration:** TWO YEARS' LIMITATION: EXHIBITION OF DEMAND. In order to save a demand from the bar of the two years' statute of limitation under the administration act, the same must be exhibited to the administrator and presented to the court within said period.

2. ——: ——: ——: FILING WITH CLERK. Where notice of presenting a demand has been served by the sheriff on the administrator and such notice with return of service filed with the clerk, but the demand is not presented to the court within the two years, it will be barred; and though the notice and the demand after service be filed with the clerk, yet, if not presented to the court in term within two years, it will still be barred. ELLISON, J., *dissenting and holding* that the service and the filing with the clerk within the two years will take it out of the statutes.

*Appeal from the Pettis Circuit Court.*—HON. GEO. F. LONGAN, Judge.

REVERSED AND REMANDED.

*John Burgin* and *Wright Prickett* for appellant.

(1) All demands against an estate must be, *first*, exhibited against the estate, and *second*, presented to the court for allowance within two years' time from the date of the letters. R. S. 1889, secs. 187, 188, 194, 196, 197 and 199; *Nelson v. Haeberle*, 26 Mo. App. 3; *Greenabaum v. Elliott*, 60 Mo. 32; *Price v. McCause*, 30 Mo. App. 627. (2) Presentment of .claim to court for allowance is offering evidence in open court in support of claim properly verified by affidavit, to do which in this case, no effort was made until long after the lapse of two years from date of letters, till August 28, 1895. R. S. 1889, sec. 188; *Price v. McCause*, 30 Mo. App. 630; *Clark v. Tallman*, 68 Iowa, 372; *Jones, Ex'r, v. Lightfoot*, 10 Ala. 17. (3) The statute limiting time for presentation of claims for allowance is emphatically a statute of repose and designed to secure a speedy settlement of estates. *Jones, Ex'r, v. Lightfoot*, 10 Ala. 24; *Garesche v. Lewis*, 15 Mo. App. 572.

*Sangree & Lamm* for respondent.

(1) The note in suit was, within two years, properly exhibited by serving a notice, substantially com-

plying with the statute, upon the executrix, and such as contemplated by sections 184 and 187; and the same, within the reasonable intendment of section 188, Revised Statutes of Missouri, was presented in due time to the probate court for allowance. *Wernse v. McPike*, 86 Mo. 565; *Kincheloe v. Gorman's Adm'rs*, 29 Mo. 421; *Williamson v. Anthony, Adm'r*, 47 Mo. 299; *Pfeifer v. Suss*, 73 Mo. 245; *Fenn v. Dugdale*, 31 Mo. 580; *Tevis v. Tevis, Adm'r*, 23 Mo. 256; *North v. Walker's Adm'r*, 66 Mo. 453; *Morgan v. Gibson, Adm'r*, 42 Mo. App. 234; *Nicholls-Shepard Co. v. Donavon, Adm'r*, 67 Mo. App. 286; *Roeder v. Shyrock, Executrix*, 61 Mo. App. 485; *Roethlisberger v. Caspari, Adm'r*, 12 Mo. App. 514; *Stephens v. Bernay's Executrix*, 119 Mo. 143; *Finney, Adm'r, v. State*, 9 Mo. 225, 228; 2 Woerner's Administration Law, sec. 397. (2) Under our statutes probate courts have but four regular terms per year, one of which commences on the second Monday in August. Such being the case, the illiberal and harsh construction of the statutes of limitation, contended for by appellant, would shorten the two-year period to twenty-one months for all practical purposes in such cases as ours. (3) Again, such construction would make one statute of limitation for cases commenced in the circuit court and an entirely different one for the probate court—thus violating the settled canon of construction, viz., that all parts of a statute relating to the same subject-matter should be construed together. (4) It is significant that no case can be found going to the length contended for by appellant and none of his cited cases are authority for such construction of our statute.

GILL, J.—This proceeding originated in the probate court of Pettis county, and its object is to charge the estate of Jas. M. Jones, deceased, with the balance due on a note executed by one Hughes and which said

Jones signed as security. Among other defenses the administrator interposed the two years' statute of limitations applying to the proof of claims against the estate of deceased persons. In the circuit court, where the cause was tried on appeal, the ruling was against the estate, the claim was allowed, and the administrator appealed to this court.

The facts necessary to be here stated are as follows: Jones died in July, 1893. Letters of administration were granted July 27, 1893, and notice at once published warning creditors of the deceased to present their claims for allowance within the two STATEMENT. years after date of the letters or be forever barred. The note in suit had matured several months before Jones' death. On the seventh day of June, 1895, plaintiff, through the sheriff, delivered a notice to the administrator, wherein it was stated "that on the first day of the next August term of the probate court of Pettis county (to be holden at the courthouse in said county on the second Monday of August next) or as soon thereafter as I can be heard, I shall present to said court for allowance against the estate of James M. Jones, deceased, a demand for the sum of $100.14 founded on a note of which the following is a copy:" (Here copying note.) It seems that the sheriff, after serving this notice and making his return in writing which he indorsed on the back of the original notice, deposited the same with the probate clerk, who marked on the paper: "Filed this 11th day of June, 1895. J. W. Walker, Clerk." The claim was presented to the probate court, according to the notice, at the August term (that is, the twenty-eighth day of said month); and then and there, after hearing evidence on this and other issues, the claim was allowed and assigned to the sixth class.

From these facts it will be seen that the notice was

served on the administrator before the expiration of the two years after letters of administration were granted, but that the claim was not presented to the probate court until after said two years had expired.

The sections of the statute applying to the case are found in article 9, chapter 1, Revised Statutes 1889, entitled "Presentment, Allowance and Classification of Demands." Under section 183 the sixth and last class of demands is: "All demands thus exhibited *and presented* to the court for allowance after the end of one year and within two years after letters granted." Then follows section 184: "Limitation: All demands not thus exhibited *and presented* to the court for allowance in two years shall be forever barred * * * and said two years shall begin to run from the date of the letters where notice shall be published within 30 days, etc." Since it is conceded in this case that notice of administration was published in the thirty days, it is clear that the statute of two years began to run July 27, 1893, which was the date of the letters. We next quote sections 187 and 188. They read as follows: (187) "Any person may exhibit his demands against such estate by serving upon the executor or administrator a notice, in writing, stating the amount and nature of his claim, with a copy of the instrument of writing or account upon which the claim is founded; and such claim shall be considered legally exhibited from the time of serving such notice, or a waiver of such notice, in writing, by the executor or administrator." But (sec. 188) "no claimant shall avail himself of the benefit of the preceding section *unless he shall present his demand to the court* in the manner provided by law, for allowance, within two years after the granting of the first letters on the estate," etc. Section 196 makes it incumbent on the claimant to give the executor or administrator written notice, containing a copy

of the instrument on which the claim is founded, "and stating that he will *present* the same for allowance at the next regular or adjourned term of court."

From a consideration of the foregoing statutory requirements, it appears clear that in order to avoid the bar of the two years' limitation the claimant must not only *exhibit* his claim to the executor or administrator in the manner provided, but must in addition, and within said two years, *present* the same to the probate court for allowance. This presentment for allowance must, too, be made at a regular or adjourned term of said probate court and in pursuance, too, of a notice to that effect. The claimant here gave the notice required and stated to the administrator that said claim would be presented for allowance at the following August term (1895), and the claim was so presented August 28, 1895. But this was too late, since, as already stated, the two years expired the twenty-seventh day of July preceding. An exhibition of the claim to the administrator and presenting to the probate court for allowance are by no means the same thing; nor will the performance of the one act serve the place of the other; both are required. The statute makes this plain. Claims of the sixth class are such as are "exhibited *and presented* to the court for allowance" between one and two years after letters of administration are granted (sec. 183); all claims "not thus exhibited *and presented* to the court for allowance in two years shall be forever barred." (Sec. 184.) So sections 187 and 188, above quoted, make the distinction clear; and while declaring what shall be a legal exhibition of the demand to the personal representative in charge of the estate, exact *also* that the claimant shall present his demand to the probate court for allowance within two years after the letters were granted.

114 MISSOURI APPEAL REPORTS,

The history of the legislation on this subject shows, too, a manifest intention by the lawmakers to require both an exhibition to the administrator and a presentation of the demand for allowance to the court. The sixth clause of the classification section, as well as the section referring to limitation, did not, prior to the present revision, use language requiring presentation to the probate court for allowance (see secs. 184, 185, R. S. 1879), but in the year 1889 such words were added by amendment, so that the claimant was expressly required to exhibit his demand to the administrator and *also* present the same to the court within the two years, or said claim would be barred.

The case of *Price v. McCause*, 30 Mo. App. 627, was decided in view of the statute as it existed in the revision of 1879; and it was there held that when the different sections (which we have heretofore quoted) were all read together it was clearly the intent of the legislature to require both an exhibition to the administrator and *also* a presenting to the probate court for allowance within two years in order to avoid the statutory bar. In the case at bar this was not done, and hence the demand is barred.

It seems to be the contention of plaintiff's counsel that the filing mark on the back of the paper— lodged, as we shall suppose, with the probate clerk on June 11, 1895—will operate to save plaintiff's claim from the bar of the statute. This seems to be regarded by the learned counsel as a presenting of the claim for allowance on that day (June 11, 1895); and as that was done within the two years, the claim is saved.

*filing with clerk.*

There are two sufficient answers to this contention. In the first place the record fails to show that the *claim* (that is, the note and affidavit attached thereto) was ever filed in the probate clerk's office before the

formal hearing on August 28, 1895. The only paper that appears to have been filed on said June 11 was a copy of the notice to the administrator (containing an alleged copy of the note) with the written return of the sheriff indorsed on the back thereof. This can not, it seems to me, be treated as even a filing of the claim with the *clerk*, much less can it be regarded as a legal presentation of the claim *to the court* for allowance, as the statute requires. And again, even should we concede that the original note or demand was along, with the sheriff's return, filed with the probate clerk, yet such act on the part of the claimant was not a presenting of the claim to the court for allowance. There is no law, or statute of practice, that provides for such a filing with the clerk in vacation. The claimant, according to the statute, is required to *present his demand to the court* and not to the clerk. He must present his claim in court and during its session—either while holding a regular or adjourned term; and the notice to the administrator must definitely name the term when said claim will be so presented to the court. R. S. 1889, sec. 196. And so the notice here given to the administrator gave him warning that this demand would be presented for allowance to the probate court of Pettis county at its next August term, beginning on the second Monday thereof. It is plain that it was never intended to present this claim for allowance until said August term began. If so, then the notice to the administrator was a deceit and a fraud.

So, then, viewed from any standpoint, this claim was barred under the statute. And as said by Judge THOMPSON, in *Price v. McCause, supra,* this statute of limitation is regarded as one of public policy and ought not to be frittered away by strained judicial interpretation, or relaxed in favor of hard cases, or in view of the supposed equities of claimants.

The judgment of the circuit court must be reversed. All concur. Judge ELLISON in a separate opinion.

ELLISON, J. (*concurring*).—I agree that a claim must be both exhibited to the administrator and presented to the probate court for allowance within the two years prescribed as a limitation. But I believe when a claim has been duly exhibited to the administrator and then, within the period of limitation, is filed in the probate court, it becomes a part of the records of such court and is presented to the court in the sense of the statute. Formerly the running of limitation was arrested by merely exhibiting the demand to the administrator. It could then be held out of court by the claimant for a period beyond the limitation, thus often prolonging and embarrassing the administration. To cure this, the legislature has required that the claim must be both exhibited and presented, so that it may be duly determined according to law and the practice of the court. This is accomplished by exhibiting the claim to the administrator and filing it in court on or before the next term, that it may be determined in regular course. The words "presented to the court for allowance," do not mean that the cause must be heard by the court within the two years as contended by the appellant. The hearing may, of course, be continued by the court according to its procedure and practice. Those words mean that the claim must be deposited in court, whether in vacation or term time, to the end that it may be proceeded with at the next term according to law and not held back indefinitely by the claimant.