Gewe v. Hanszen.

CHARLES A. GEWE, Appellant, v. CLARA HANSZEN, Executrix, Respondent.

**Kansas City Court of Appeals, June 18, 1900.**

1. **Administration: LIMITATION: AMENDED PETITION: EXEC-UTRIX V. ADMINISTRATRIX.** A petition on a note was filed within two years from the date of the administration against the defendant as administratrix; after the lapse of such two years an amended petition was filed against defendant as executrix.  Held: The amendment did not change the cause of action and was a continuance of the original suit and the two years' limitation statute was not applicable.

2. ———: **ALLOWANCE OF DEMANDS: EXHIBITION.** While the statute requires that a demand be exhibited to the executor, it also provides they may be established by the judgment of the court of record, and when judgment is so obtained they are considered legally exhibited.

3. ———: ———: **PRESENTATION TO PROBATE COURT: LIMITATION.** The statute requiring demands to be presented to the probate court within the limitation period has reference only to claims exhibited to the administrator with a view to presentation to the probate court for allowance and does not include judgments obtained in suits begun within the period of limitation.

4. ———: **TRIAL PRACTICE: VERIFIED COPY OF NOTE: AMENDED PETITION.** The statute requires to be filed with the petition, a copy of the note sued on verified by the affidavit of the party and not his attorney, where the petition is amended, a properly verified copy of the note may be filed with the amendment.

5. ———: **ALLOWANCE OF DEMANDS: SERVICE OF COPY.** Where the claimant brings his action in the circuit court it is not required to serve the administrator with a copy of the demand.

Appeal from the Cole Circuit Court.—*Hon. T. B. Robinson,* Judge.

REVERSED AND REMANDED.

*Silver & Brown* for appellant.

(1) It was not necessary, this suit having been begun in the circuit court, that a copy of the note should have been served on the executrix within the two years of her appointment. R. S. 1889, secs. 186, 190. (2) Where the demand is enforced by an original suit in the circuit court, the service of "summons takes the place of the notice otherwise required." Stephens v. Bernays, 119 Mo. 147; Wernse v. McPike, 100 Mo. 480. (3) It is only where the demand is first presented to the probate court under Revised Statutes 1889, section 187, that "a copy of the instrument of writing or account upon which the claim is founded" is required to be served on the defendant. (4) Where suit is brought in the circuit court, the machinery and practice of the circuit court necessarily apply—otherwise a further step would be required on the part of the demandant, viz.; an affidavit on his part "that he has given credit to the estate for all payments and effects to which it is entitled, etc." R. S. 1889, sec. 194. (5) A comparison of Revised Statutes 1889, sections 187, 196, 197 and 198, necessarily lead to the conclusion that "a copy of the instrument of writing," which is the basis of the demand, is required to be served on the defendant only where such demand is sought to be enforced on notice in the probate court. (6) The instrument sued on in the circuit court is, when filed with the petition as an exhibit, no part of it. Hadwen v. Ins. Co., 13 Mo. 473; Peake v. Bell, 65 Mo. 224; Curry v. Lackey, 35 Mo. 389; Vaughan v. Daniels, 98 Mo. 230. The note being no part of the petition

a copy of it was not required to be served on defendant, to perfect the service of the summons. R. S. 1889, sec. 2017. (7) The note filed with the amended petition was duly sworn to by the plaintiff, and this was sufficient. State v. Miller, 16 Mo. App. 539. (8) The plaintiff had the right to amend his petition by charging that defendant was the executrix instead of the administratrix of the deceased, and such amendment in nowise changed the cause of action. Harkness v. Julian, 53 Mo. 238; State v. Shelby, 75 Mo. 482; Crockett v. Transfer Co., 52 Mo. 457; Lilly v. Tobbein, 103 Mo. 477; Burlington v. Moore, 73 N. W. Rep. (Neb.) 14; Becker v. Walworth, 45 Ohio St. 169; Bigelow v. Draper, 63 N. W. Rep. (N. D.) 570; Ward v. Lane, 84 Mich. 521; Sabine v. Fisher, 37 Wis. 376; Hines v. Rutherford, 67 Ga. 606; Ballow v. Tilton, 52 N. H. 605; Lucas v. Pittman, 94 Ala. —; Williams v. Bonden, 68 Ala. 126; Randolph v. Barnett, 16 Peters (U. S.) 138; Risley v. Wightman, 13 Hun. (N. Y.) 163. Also other authorities last *supra.* St. Louis v. Gleason, 15 Mo. App. 25; s. c., 89 Mo. 67; Ferner v. Trepamer, 24 Canada Sup. Ct. 86; Bank v. Bolling, 28 Neb. 685; Joyes v. Hamilton, 10 Bush. (Ky.) 544; Naffzieger v. Reed, 98 Mo. 87. (9) That the running of the statute of limitations is arrested at the filing of the original petition is clearly settled. Lilly v. Tobbein, 103 Mo. 477; Crockett v. Transfer Co., 52 Mo. 457; Hines v. Rutherford, 67 Ga. 606, and authorities *supra*; Lottman v. Barnett, 62 Mo. 159; Parry v. Woodson, 33 Mo. 347; Kronski v. Railway, 77 Mo. 365.

*Edwards* and *Edwards* for respondent.

(1) The motion to dismiss made by respondent is well taken. The instrument which is the foundation of this claim,

has never been filed in this court, nor has the copy sworn to by the other party, been filed. 1 R. S. 1899, which is the same as 1889, p. 260, sec. 643. The copy of the note filed in this case, was sworn to by Edwin Silver, who was one of the attorneys for the plaintiff. There are some things an attorney can do and some he can not. R. S. 1889, secs. 185 to 189 inclusive. (2) By the judgment of some court of record in the ordinary course of proceedings. R. S. 1899, sec. 191. Now, in the ordinary course of proceedings to obtain a judgment on a note, the plaintiff is required to file a petition, and that petition when based upon an instrument of writing, must contain that instrument of writing, that is, it must be filed with the petition, or accounted for which is not done in this case, and hence the motion of defendant to dismiss is good on that ground. R. S. 1899, code proceeding, sec. 643.

ELLISON, J.—This action was begun in the circuit court and is on a promissory note given by a father to his son and assigned to plaintiff by the latter.

The maker died and defendant was appointed his executrix on August 14, 1896. She immediately gave notice of her appointment. Plaintiff begun this suit August 12, 1898, against defendant as administratrix. In December following, he filed an amended petition by declaring against her as executrix. A copy of the note was filed with the original petition sworn to by plaintiff's attorney. A copy was filed with the amended petition sworn to by plaintiff himself. An answer was filed by defendant and on trial the jury failed to agree. Afterwards, the court sustained the following motion to dismiss and plaintiff appealed:

"Now comes the defendant, and appearing for the purpose of this motion and for no other purpose, moves the court to dismiss this suit for the following reasons:

"1. Because it appears from the return of the sheriff

herein that no copy of the note sued on was served on the defendant within two years from the granting of letters of executorship herein, nor at any time, as required by law.

"2.    Because it is shown by the petition herein that the note alleged to have been executed by the defendant's testator, H. C. Hanszen, is not filed with the petition and no copy of the alleged claim could therefore have been served on the defendant, and because the instrument sued on was not sworn to by any party to the suit or to said instrument of writing sued on.

"3.    Because it is shown from the petition and return of the writ made by the sheriff that more than two years had elapsed since said letters were granted and notice thereof and the bringing of this suit, and the same is now barred by said statute of two years' limitation.

"Wherefore, this court has no jurisdiction of the said estate nor authority to render judgment herein."

1.    It will be observed that the chief point for decision is as to the application of the two-years period of limitation in cases of allowance of demands against estates. The original petition was two days within the two years. The amended petition was after the two years had expired. It is clear that ordinarily where the original petition is within the period of limitation an amended petition will not be considered as an institution of a new suit so as to let in the bar of the statute. We think this amendment falls within that rule and that merely changing the character of the representative capacity of the defendant from administratrix to executrix ought not to affect the action as to the application of the period of limitation.    The amendment did not change the cause of action. The amended petition was a continuation of the original action.    Crockett v. Transfer Co., 52 Mo. 457; Lilly v. Tobbein, 103 Mo. 477; Harkness v. Julian, 53 Mo. 238.

2.   But defendant contends that the statute requires that the demand must be exhibited to an executor or administrator within two years.    R. S. 1889, secs. 187, 188.    The statute does so provide.    It, however, also provides (section 190) that demands may be established by the judgment of a court of record in the ordinary course of proceeding.    When the judgment is so obtained it is considered as exhibited as of the date of the service of the process (section 186).    So, therefore, the demand in this case having been put in suit, and process served within the two-years period of limitation it must be considered as having been legally exhibited.

3.   A question arises here whether this demand must be presented to the probate court within the two-years period. If it must be, then, since suit was only begun two days before the limitation expired, the judgment to be obtained could not, of course, be presented to the probate court in time. Under the provisions of the statute of 1889 (omitted in statute of 1899) the demand must not only be exhibited but it must also be presented to the probate court within the period limited.    Bank v. Burgin, 73 Mo. App. 108.    But that statute has reference to claims which are exhibited to the administrator or executor and are to be presented to the probate court for allowance.    When a claim is sued upon in another court as in "ordinary proceedings" (section 190), it is there established and is not afterwards presented to the probate court for allowance but is only so presented for classification. Wernse v. McPike, 100 Mo. 487.    So, therefore, we held that judgments obtained in suits begun against the executor or administrator within the period of limitation, are not included in the statute requiring that the claim shall be both exhibited and presented.

4.   But defendant also contends that the copy of the note filed with the original petition was sworn to by the attorney in the cause and that this was not a compliance with

the statute.   R. S. 1889, sec. 2088.   It is true that the copy should not have been sworn to by the attorney but we can not see any reason why it may not properly be sworn to by the party on filing the amended petition.   It has been held that where the instrument is not filed with the original petition it may be filed with an amended petition.   State ex rel. v. Miller, 16 Mo. App. 539.   When not filed with the petition it may be filed afterwards.   Hannibal Ry. Co. v. Knudson, 62 Mo. 569.

5.   It is also urged in support of the judgment that the defendant should have been served with a copy of the demand (even if the action was begun in the circuit court) as is contemplated by section 187.   What we have already said as to the right of a claimant to exhibit his demand by suit in the circuit court answers this objection and is supported by the cases of Wernse v. McPike, 100 Mo. 480, and Stephens v. Bernays, 119 Mo. 147.   The case of Bank v. Suman, 79 Mo. 527, does not sustain defendant.   The fourth syllabus in the report of that case is misleading.

The judgment is reversed and the cause remanded. *Smith, P. J.,* concurs; *Gill, J.,* absent.