NEW YORK,
October, 1814.

GELSTON
v.
BURR.

GELSTON *against* BURR.

*In covenant for a breach of the covenants of seisin, &c. the defendant pleaded that the plaintiff became seised of the premises, and might have held the same without molestation, but that he did, by deed, defeat and bar his said estate, &c. A replication to this plea, denying that the plaintiff did defeat and bar his estate, without confessing or traversing that the plaintiff was previously seised, is bad.*

*But, as the plea did not show the nature of the instrument, whereby the plaintiff defeated his estate, and the parties to it, (although he was not bound to give oyer of it,) the plea was held bad.*

*In covenant for a breach of the covenants of seisin; the defendant had sold the land in question to A., who, to secure the consideration money, mortgaged it to the defendant, and the defendant afterwards sold and conveyed the same land to the plaintiff; the plaintiff assigned the seisin of A. as a breach of the covenant; the defendant pleaded that the mortgage from A. to him had become forfeited, whereupon he entered and became seised of the land, and, being so seised, conveyed to the plaintiff; it was held that the plea was bad in not stating that A.'s equity of redemption had been barred.*

*Where a party demurs to a defective pleading, if the previous pleading, to which the pleading demurred to is an answer, be also defective, judgment will be given against the demurrer.*

THIS was an action of covenant against the defendant, one of the attorneys of this court.

The declaration stated that the defendant, on the 1st of *November*, 1803, executed a deed to the plaintiff, which deed was set forth, and in which it was recited, that the defendant, on the 22d of *October*, 1802, conveyed to one *Timothy Green* twenty lots of land in the city of *New-York;* and that the said *Green*, for securing four thousand dollars, part of the purchase money, to be paid in four equal annual instalments, with interest, did, on the said 22d of *October*, mortgage to the defendant the said 20 lots, which said mortgage has been assigned by the defendant to the *Manhattan Company;* and that whereas afterwards the said *Green* released the said lots to the defendant, subject to the said mortgage, and whereas the first of the said instalments has been paid by the defendant; and that, whereas the defendant has bargained and sold the said lots to the plaintiff, in consideration of the sum of five thousand three hundred dollars ; the deed then stated that the said defendant, in consideration of the said sum, bargained and sold unto the plaintiff the said lots, in fee, subject to the said mortgage; that the defendant covenanted that he was lawfully seised, and had good right to convey, that the plaintiff should peaceably and quietly enjoy the same, without molestation of the defendant, or any person claiming under him; and that the same were clear of all former gifts, grants, &c. and encumbrances, except the said mortgage. The plaintiff then averred that the defendant had not lawful authority to convey the said premises; and that the plaintiff did not peaceably and quietly enjoy the same ; because the said *Green*, by virtue of the said conveyance to him from *Burr*, the defendant, was seised of the premises, and did lawfully claim the same, and had never released and reconveyed the same to the defendant, in manner and form as in the recital of the deed from the defendant to the plaintiff is mentioned; and that the

premises were not free from encumbrances, save as to the said

mortgage, but that the same were encumbered by the convey-ance from the defendant to *Green;* and so the said defendant his covenant has not kept, &c.

To this declaration the defendant pleaded,

1. That after the execution of the deed from the defendant to the plaintiff, on the 1st of *November,* 1803, the plaintiff be-came seised of the premises in fee, and might have held and enjoyed the same without molestation, but that, on the 18th of *April,* 1808, he did, by deed dated on that day, defeat and bar his said estate, so conveyed to him by the defendant, whereby it became ended and determined.

2. After stating the mortgage from *Green* to the defendant, which came afterwards into the hands of the plaintiff, and still remains in his possession, and was, on the 11th of *November,* 1802, duly registered, and that *Green* did not pay the said four thousand dollars, and the interest, but, nevertheless, that the plaintiff, on the 18th of *April,* 1808, voluntarily, and without the know-ledge and consent of the defendant, did, by a certificate in wri-ting, signed by him, the plaintiff, acknowledge the said mort-gage to be satisfied, and thereupon caused the said record and mortgage to be cancelled, whereby the estate of the said plain-tiff was defeated, and became revested in *Green.*

3 and 4. The defendant, in his 3d and 4th pleas negatived the breaches assigned in the plaintiff's declaration on the first and second covenants respectively, and tendered issues thereon to the country.

5. As to the breach of the third covenant; that on the said 1st of *November,* 1803, the plaintiff entered and was seised, and might have remained in quiet enjoyment; traversing that *Green* was seised at the time.

6. As to the breach of the fourth covenant; that the pre-mises were, on the said 1st of *November,* free of all encum-brances, save as to the said mortgage; traversing that they were encumbered by the conveyance from the defendant to *Green.*

7. For further plea, as to so much of the breaches thirdly assigned in the plaintiff's declaration as alleges that at the time of the conveyance from the defendant to the plaintiff, *Green* was seised of the premises, and did lawfully claim the same, and had never released and conveyed the same; and, as to so

much of the breaches fourthly assigned, as alleges that the pre-mises were encumbered by the conveyance from the defendant to *Green;* that (after stating the mortgage, as in the 2d plea) *Green* did not pay any of the instalments, at the time limited by the mortgage, or at any other time, whereby the estate of the defendant became absolute in the premises, whereupon he entered on the same, and became seised thereof in fee, and, being so seised, conveyed to the said plaintiff.

8. For further plea, as to so much of the 3d and 4th breaches as are answered in the 7th plea; that between the said 22d of *October,* 1802, and the said 1st of *November,* 1803, *Green* released the said 20 lots of land to the defendant by deed, which deed has been since lost or destroyed by time or accident, and cannot be brought into court, nor can the date thereof be more particularly set forth.

The plaintiff replied as follows:

1. To the first plea; that the defendant did not defeat and bar his estate in the said twenty lots of lands in manner and form, &c.

2. A general denial of the allegation in the second plea.

3. As to the fifth plea; that *Green* was seised and possessed of the premises, and did lawfully claim the same; pursuing the words of the declaration.

4. As to the seventh plea; that the defendant did not become seised of the premises in fee, and was not seised thereof in manner and form, &c.

5. As to the eighth plea; that *Green* did not reconvey to the defendant.

Issues were tendered by each of these replications.

To the replications to the first and seventh pleas, the defendant demurred, and the plaintiff joined in demurrer.

*Burr,* in support of the demurrer.

*Henry,* contra.

*Per Curiam.* The replication to the first plea does not traverse the facts as stated. It neither affirms nor denies that after the execution of the deed from the defendant to the plaintiff, the plaintiff was seised in his demesne as of fee of and in the lots mentioned. It only tenders an issue on the

fact whether the plaintiff did defeat or bar his estate by deed under his hand and seal. The plea, however, is deficient; the deed by which it is alleged that the plaintiff defeated his title is insufficiently set forth; although it is not incumbent on the defendant to give *oyer* of this deed, yet it ought to have been so pleaded as to show the nature of the instrument, and the parties to it, whereby its extent and operation might fully appear, and the intent and meaning of the plea be plainly understood, so as to enable the defendant to reply to it with precision. An omission so essential renders it bad, for want of sufficient certainty; and the first fault having been committed by the defendant, according to the rules of pleading, the plaintiff is entitled to judgment.

The facts disclosed by the seventh plea (admitting them to be true) do not show that the defendant was seised of and in the twenty lots according to the covenant contained in the conveyance from the defendant to the plaintiff. It is stated that the premises had been mortgaged to the defendant by one *Timothy Green*, to secure the payment of 4,000 dollars in four equal annual instalments, with interest, at 6 per cent. per annum, to be paid annually on the said sum, or such part thereof as should remain unpaid; that default had been made by *T. Green* in those payments, whereby the estate of the defendant became absolute in the premises, &c.

The forfeiture of this mortgage, and re-entry of the defendant did not make it an absolute conveyance of the premises to him. The equity of redemption still remained in *Green*. This plea, consequently, is wholly defective by not showing a performance of the covenant on the part of the defendant. It is, therefore, unnecessary to examine the replication to which the defendant has demurred, because, consonant to the rules of pleading before mentioned, the plaintiff is entitled to judgment.

Judgment for the plaintiff.