(19 Misc. Rep. 215.)

### BALZ v. UNDERHILL et al.

(Supreme Court, Special Term, New York County. January, 1897.)

1. PLEADING— DEMURRER TO REPLY—RECOURSE TO COMPLAINT AND ANSWER.
    Code Civ. Proc. § 493, providing that defendant may demur to a reply on the ground that it is insufficient in law on the face thereof, does not preclude recourse being had to the complaint and answer to interpret the force of the reply.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST—INDIVIDUAL LIABILITY
    A claim against executors for services rendered them in their representative capacity is a claim against them individually, and therefore is not a charge against the estate.

3. SAME—PROMISE TO PAY A CLAIM BARRED BY STATUTE—REVIVAL.
    A claim barred by the statute of limitations against an estate cannot be revived by the executor's admission of its correctness, nor by his promise to pay it.

Action by Mary J. Balz, as executrix, against Edward C. Underhill and others, as executors. There was a demurrer to the reply. Sustained.

Hector M. Hitchings, for plaintiff.

J. Alexander Koones, for defendants.

RUSSELL, J.　Two claims are joined in the complaint under the form of one count against the executors for legal services rendered by intestate of plaintiff for the intestate of defendants, for which defendants' intestate received the entire benefit, and also for services rendered by plaintiff's intestate to the defendants in the management of the estate after the decease of defendants' intestate. No objection was made by demurrer or motion to the improper joinder of the two claims, but an answer was interposed averring, with other defenses, the statute of limitations; the defendants' intestate having died in 1886, and the plaintiff's intestate in 1894. By order of this court the plaintiff was required to serve a reply to the defense of the statute of limitations, which she did, showing by affirmative allegations that she means to rely upon the admission by the executors, defendants, of the justice of the claim, and the promise to pay, to take the case out of the operation of the statute, which claim would have been barred, as more than $7\frac{1}{2}$ years had elapsed since the accruing of the account against the defendants' intestate personally. As to the claim against the defendants for services rendered them as executors, the theory seems to be that it is a charge against the estate instead of the executors personally. The plaintiff's counsel strenuously urges that a demurrer to the reply does not bring up the legal question involved. The argument is that the technical language of the Code (section 493) allows a demurrer to the reply only in case the reply is insufficient in law upon the face thereof, and that recourse cannot be had to the cause of action and the affirmative answer to interpret the force of the reply. This is an erroneous view of the law and the principles upon which the legal question is determined upon the face of the record. The Code of Civil Procedure has not undertaken to obliterate the principles of pleading as established by hundreds of years of judicial recognition, but simply changes the form and verbiage to conform more nearly to the facts to be pleaded. The principles of pleading are essentially the same as they were prior to the adoption of the Code of 1848. Under the old practice a demurrer to a replication presented the record to the view of the court, so that, if the record showed one party ought to succeed, it would be unnecessary to proceed to a trial of the facts. Lipe v. Becker, 1 Denio, 568; Mercein v. Smith, 2 Hill, 210; Gelston v. Burr, 11 Johns. 482; Griswold v. Insurance Co., 3 Cow. 96; People v. Byron, 3 Johns. Cas. 53. The same theory is retained by the Code of Procedure. People v. Booth, 32 N. Y. 397; White v. Joy, 13 N. Y. 83; Stoddard v. Onondaga Annual Conference, 12 Barb. 573; Nicoll v. Fash, 59 Barb. 275. In the year 1888, Mr. Justice Patterson, in this department, in the case of Smith v. Hilton (not reported), held that a demurrer lay to a reply to an affirmative defense in the answer, which demurrer consisted simply of an admission of the allegations of the affirmative answer, and that the whole question of recovery by the plaintiff upon the facts stated upon the record was presented to the

court for adjudication. The demurrer to the reply, therefore, presents the question as to whether the reply is sufficient in law to justify going to trial upon the issue of fact presented.

If the claim for services rendered after the decease of the defendants' intestate is a charge against the estate itself, and not against the executors personally, the demurrer could not be sustained because of averments which bring the claim within six years prior to the commencement of this action; but that claim cannot be sustained in this action against the executors in their representative capacity, because it is a claim against the individuals for services rendered them, and is not a charge against the estate on behalf of the plaintiff's intestate. Schutz v. Morette, 146 N. Y. 137–140, 40 N. E. 780; Austin v. Munro, 47 N. Y. 360. The plaintiff cannot, therefore, recover anything in this action upon the claim, and the remaining consideration is as to whether the reply sets forth matters avoiding the effect of the answer of the statute of limitations in regard to the claim against defendants' intestate for services and sums owing at the time of the death of that intestate in 1886. A serious argument can be made against the propriety of holding that executors may, during the running of an account before it becomes barred by the statute, continue its validity by a promise to pay, or by an account stated, so that under the new promise the claim may lie in abeyance for six years without being subjected to the force of the statute, and whether such promise must not now be in writing (Code Civ. Proc. § 395); but it is well settled that after a claim is barred by the statute the executors cannot revive its force (Schutz v. Morette, supra; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643). The averments in the reply are that plaintiff's intestate, immediately upon the death of defendants' intestate, was employed by the defendants, and promptly presented his claim and demand, and that the same was admitted by them; that he was promised a settlement in full of all his claims upon the settlement of the accounts of the executors, and that the account was stated between plaintiff's intestate and the executors, defendants, just prior to the death of the plaintiff's intestate, which was in November, 1894. It therefore appears that more than seven years and a half elapsed after the admission of the claim by the executors, defendants, before plaintiff's intestate died, and also that the promise by them to plaintiff's intestate, and the alleged stating of the account, occurred at a time when the executors had no power to revive a claim which was barred; and, therefore, that such promise and stating of account were ineffective. If it be claimed that the allegation of promise, following the allegation that the estate of defendants' intestate remained unsettled, is indefinite in itself, from not inferentially speaking of the time just prior to the death of the plaintiff's intestate, it may be also said that the rules of pleading require the plaintiff, in preparing a reply, to set forth facts which would avoid the effect of the answer; and the burden was, therefore, upon her to set the time definitely so that the court might see that that promise was made at a time when the executors had power to make it. But the natural construction of the pleading is that such promise was

made at the time of the stating of the accounts as alleged in the closing paragraph of the reply. My judgment is that the reply is insufficient in law to avoid the affirmative answer of the statute of limitations; and upon the whole record, there being no sustainable claim in favor of the plaintiff, judgment must be directed sustaining the demurrer, with costs, with leave to amend the reply upon payment of costs.

Demurrer sustained, with costs, with leave to amend.