WILLIAM FULLERTON, APPELLANT, v. LEDYARD M. BAILEY. ADMINISTRATOR, RESPONDENT.

1. *Estate of Deceased Person—Claims Against—Time Allowed to Creditors to Present Same—Statute Barring Same Must Be Pleaded.*

Under section 4129, Comp. Laws Utah 1888, a claim against an estate is barred by the statute of limitations, if not presented within 10 months from the time notice is given to creditors of the estate, and, in an action to recover the amount of the claim, the failure of the executor or administrator to plead the bar of the statute of limitations cannot avail the claimant, since the duty to set up the bar of the statute rests upon the administrator or executor.

2. *Same—Claim to Subrogation Under Mortgage—Presentation of Claim to Probate Court—Pleading Statute of Limitations.*

Under section 4130, Comp. Laws, Utah 1888, it was not necessary for the claimant for subrogation under the mortgage to present his claim for allowance to the probate court. He could bring his action by virtue of his equitable claim and lien, without invoking the aid of the administrator or the probate court. Failure to plead the statute of limitations, under section 3143, avoids the statutory bar. In pleading the statute, the section relied upon, or the facts constituting the defense, should be stated, as required by section 3244.

3. *Demurrer—Statute of Limitations.*

A defense of the state of limitations may be presented by demurrer when the pleadings show the statutory time has elapsed. But the statute of limitations cannot be raised under the demurrer that the complaint does not state facts sufficient to constitute a cause of action. The statute must be pleaded.

4. *Subrogation to Rights of Mortgagee—Statute of Limitations— When it Commences to Run as to Rights Sought to be Subrogated.*

Appellant asked to be subrogated to the rights of Leaker, pur-

chase-money mortgagee, under a mortgage which appellant paid to her in order to prevent foreclosure thereof. The mortgage was a proper claim upon the lands as against the estate at the time it was paid. Previous to the settlement of the estate, the land had been conveyed to the appellant by the sole legatee under the will of deceased, relying upon her representations that there were no debts except the mortgage, and that the estate was solvent. After appellant paid the mortgage to prevent foreclosure, and after the time for the presentation of claims had expired, a claim was allowed by the probate court in favor of a brother of the deceased, which absorbed the entire estate, and left appellant without anything to reimburse him for money paid in satisfaction of the mortgage, which was a claim against the estate. The majority of the court hold that the statute of limitations began to run from the time the notes secured by the mortgage become due, and not when the same were paid, to prevent foreclosure, by the appellant. Miner, J., dissents from this principle, and holds that section 3150, Comp. Laws, Utah 1888, was intended to deal with the time in which certain complaints in equity may be filed and applied to all suits in equity not strictly of concurrent cognizance in law and equity, and that the notes and mortgage were not barred, so far as the mortgagor's rights to foreclose as against the land were concerned, when appellant paid them. That, by paying the mortgage debt, appellant obtained an equitable lien upon the land incumbered, independent from the mortgage. That said lien arose by operation of law. Subrogation to the rights of a creditor differs from an assignment of the debt, in that the latter assumes the continued existence of the debt, while the former follows upon its payment. That by paying the debt the land was relieved from the burden of the mortgage, operating for the benefit of the estate, and a corresponding obligation on the estate to reimburse the appellant therefor, to the extent of a lien upon the land, only for the amount paid. That, until appellant paid the debt, he had no lien or cause of action upon which the bar of the statute could operate. That the debt was not assigned to appellant when he paid it, but was extinguished. That, by extinguishing the debt, appellants equitable lien was created. For this lien an equitable cause of action was created, and the statute of limitations commenced to run from the day appellant paid

the mortgage, and not before; the doctrine being analogous to the rule applicable in cases where a surety pays the debt of his principal. The statue in such a case begins to run from the time of the payment of the debt by the surety, and not from the maturity of the debt. That appellant was entitled to subrogation to an interest in the land equal to the amount of the mortgage debt paid.

(No. 950.  Decided June 21, 1898.)

Appeal from district court, Salt Lake county; Ogden Hiles, *Judge.*

Action by William Fullerton against Ledyard M. Bailey, administrator with the will annexed of the estate of James Boggs, deceased, and others. A demurrer to the complaint was sustained, and plaintiff appeals. *Reversed.*

*H. M. Orahood* and *Stephens & Smith,* for appellant.

*Varian & Varian,* for respondent.

Two notes were given by the testator on September 30, 1890, one maturing September 30, 1891, and the other on September 30, 1892.

He died November 18, 1893, and the statute of limitations as to both notes was in motion long before his death. Had he lived, his remedy would have been barred on September 30, 1895, as to one, and on September 30, 1896, as to the other. His death did not toll the statute. The authorities are uniform as to this. *Rhodes* v. *Sweethurst,* 4 M. and W. 42; affirmed in Exch. Chamber, 6 M. & W. 351; *Treake* v. *Cranefeldt,* 3 Mylne & Craig, 499; *Scott* v. *Jones,* 4 Clark & Finn, 381; *McCullough* v. *Speed,* 3 McCord 455; *Abbott* v. *McElroy,* 10 S. and M. Miss. 100; *McKinzie* v. *Hill,* 51 Mo. 303; *Granger Ad.* v. *Granger,* 6 Oh 42; *Wicks*

v. *Martindale*, 1 Harper 135; *Beauchamp* v. *Mudd*, 2 Bibb. 537; Wood Lim. 1 Ed. pp. 8-10 and notes; Angell Lim. 6 Ed. sec. 56, p. 51.

The general rule is that when a disability against the prosecution of a right of action is relied on to interrupt the running of the statute it must exist at the *time* the right of action accrues. *Bunce* v. *Wolcott*, 2 Conn. 27; *Demarest* v. *Wyncoop*, 3 John. Chy. 129; *Jackson* v. *Wheat*, 18 John 46; *Jackson* v. *Johnson*, 5 (Cowan) 93; *Hogan* v. *Kutz*, 94 U. S. 773; *Mercer's Lessee* v. *Selden*, 1 How. 53.

There is an exception in this country, applied to cases where the civil war intervened, which needs no consideration here. *Semmes* v. *Co.*, 13 Wall. 158; *Hanger* v. *Abbotts*, 6 Wall. 532.

It is incumbent upon a party who relies upon an exception or saving clause in a statute, to relieve him from the operation of the general rule of the statute to specially plead the facts which bring his case within the saving or exception. This is particularly true in a case like this, where the complaint shows the suit to be barred by the statute. *Bass* v. *Berry*, 51 Cal. 264; *Smith* v. *Richmond*, 19 Cal. 481; *Pleasant* v. *Samuels*, 114 Cal. 39; *Bloodgood* v. *Bruen*, 8 N. Y. 367; Bliss Code Pld'g, secs. 202-203-205; Stephen Pld'g, p. 443.

The rule as to sureties which gives no right of subrogation, when the debt is barred, or cannot be enforced against the principal, must also apply here. Sheldon Subrogation, sec. 110; Brandt Suretyship, sec. 124; *Randolph* v. *Randolph*, 3 Rand. 490; *Hatchell* v. *Pogram*, 21 La. Ann. 722.

The bar by the special statutes against executors is absolute. Williams, *supra*, 2023 n. t.; *Atwood* v. *Bank*, 2 R. I. 191; *Walker* v. *Cheever*, 39 N. H. 420; *Thompson* v. *Brown*, 16 Mass. 172; *Pratt* v. *Northam*, 5 Mass. 111.

The administrator takes possession of the entire estate, including the realty, and he is a trustee for heirs and devises as well as all creditors. Under the statute he is bound to set up the lapse of time. If he should allow a claim which was barred, the allowance would be *void*. *Moore* v. *Hardison*, 10 Tex. 467; *Estes* v. *Browning*, Tex. 60 Am. Dec. 240; *Vrooman* v. *Li. Po Tai*, 113 Cal. 306.

We do not question the doctrine of this court as announced in *George* v. *Butler*. The cases are not alike. It does not appear here that plaintiff intended or believed he was to be subrogated. Inferentially it appears that he relied all the time on the distribution to be made to his grantor, and thus expected to get the title. *Ætna Co.* v. *Middleport*, 124 U. S. 534.

MINER, J.:

The complaint in this case was filed October 21, 1897, asking that the plaintiff be subrogated to the rights of Ann North Leaker, under a mortgage which appellant paid to her in order to prevent a foreclosure thereof. The mortgage, at the time of this payment, was a proper claim upon the land and against the estate of the deceased. The land covered by the mortgage had, previous to the settlement of the estate, been conveyed to the appellant by the sole legatee under the will, under the representations that there were no debts except the mortgage in question, and that the estate was solvent. After appellant had paid the mortgage, a claim was allowed in favor of the brother of the deceased, which absorbed the entire estate, and left the appellant without anything to reimburse him for money paid to satisfy the mortgage. A demurrer was interposed to the complaint by the administrator, and sustained. The complaint was dismissed, and a judgment

rendered in favor of the respondents, from which decree this appeal is taken.

1. In the argument of this case counsel have discussed the question of the application of the statute of limitations as a bar to recovery. No plea of the statute of limitations was set up in the answer or relied upon by any plea or demurrer thereto. Under section 4121, Comp. Laws Utah 1888, when a claim is presented against an estate for allowance in a case like this, the time within which claims must be presented is limited to 10 months after the first publication of notice to creditors. Under section 4123, Comp. Laws Utah 1888, unless such claim be presented, it is barred, unless it appear that the claimant had no notice, or was out of the state, etc. Section 4130, Comp. Laws Utah 1888, provides that "no holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto." Section 4129, Comp. Laws Utah 1888, provides that "no claim must be allowed by the executor or administrator, or the judge of the probate court, which is barred by the statute of limitations. When a claim is presented to the judge for his allowance, he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim."

These provisions of the statute have reference to the presentation and allowance of claims against the estate by and through the agency of the administrator and the probate court, and, under section 4130, the holder of a mortgage or lien may have recourse against the property subject thereto, without such presentation or allowance

of the claim. Under section 4129, no claim can be allowed by the executor, administrator, or judge which is barred by the statute.

The notes given by the testator were dated September 30, 1890. One, for $2,500, was due one year after date, and the other, for $2,500, was due two years after date. The testator was out of the state one year. The appellant paid these notes, and the mortgage secured by them, August 1, 1895. The testator died November 18, 1893. Mr. Bailey was appointed administrator with the will annexed, February 1, 1894, and 10 months was allowed for the presentation of claims against the estate, computed from February 22, 1894, so that the time for the presentation of claims, without special application, expired December 22, 1894. The claim in question was not presented to the administrator or court for allowance until October 12, 1897, and this suit was brought October 21, 1897, so that, under these special provisions of the statute, the claim was barred, as a proper claim for allowance against the estate, before it was presented for allowance, unless the failure of the administrator to plead the statute of limitations removed the bar and rendered the estate liable.

We are of the opinion that, under section 4129, the claim was barred as a claim for allowance by the administrator against the estate, and that it was the duty of the administrator to plead the statute against the allowance of such claim, and that his failure to do so would not remove the statutory bar. The claim, being barred by the statute for allowance against the estate, must be considered no debt for allowance under that statute. Under such circumstances there was no legal obligation to allow it, but, on the contrary, the legal duty to set up the bar of the statute rested upon the administrator, under the provisions of section 4129. Upon his failure to plead it, the

statute (section 4129) enacted for that special purpose created the bar. 3 Williams, Ex'rs (7th Am. Ed.) top p. 574; *Butler* v. *Johnson*, 111 N. Y. 204; *Vrooman* v. *Li Po Tai*, 113 Cal. 302; *Smith* v. *Pattie*, 81 Va. 654; *Balz* v. *Underhill*, (Sup.) 44 N. Y. Supp. 419; *Hoskins* v. *Sheddon*, 70 Ga. 528.

2. Under section 4130, above referred to, it was not necessary for the claimant for subrogation under the mortgage to present his claim for allowance to the probate court. He had a right to bring this action to be subrogated to the rights of Ann North Leaker, under her mortgage, by virtue of his alleged equitable claim and lien, without invoking the aid of the administrator or the probate court. Under section 3143, Comp. Laws Utah 1888, actions upon a contract, obligation, or liability, founded upon an instrument in writing, must be commenced within four years. Under this section, if the defendant desired to interpose the statutory bar, it was his duty to plead the statute. This he did not do.

In *Spanish Fork City* v. *Hopper*, 7 Utah 235, this court held that, "in order to plead the statute, the answer should have stated and pleaded the section of the Code of Civil Procedure relied upon, or should have stated the facts constituting the defense." This is required by section 3244, Comp. Laws Utah 1888. *Tunnel Co.* v. *Stranahan*, 31 Cal. 387; *Howell* v. *Rodgers*, 47 Cal 291; *Caulfield* v. *Sanders*, 17 Cal. 569; *Thomas* v. *Glendinning*, 13 Utah 47-57; *Farwell* v. *Jackson*, 28 Cal. 105.

Under this general section of the statute, if the defendant desired to show that the action was barred, he should have pleaded the statute. This defense of the statute of limitations may be presented by demurrer, when it appears from the complaint that the statutory time has elapsed. *Mason* v. *Cronise*, 20 Cal. 211. But the statute of limitations cannot be raised under the demurrer that

the complaint does not state facts sufficient to constitute a cause of action. The statute must be pleaded. *Brown* v. *Martin*, 25 Cal. 82.

3. It appears that appellant's note of $4,700 was due November 19, 1890. The deceased had been out of the state one year. The note would not become barred until November 19, 1895. Appellant surrendered this note, and took a conveyance of land covered by the Leaker mortgage, December 15, 1894. He paid the Leaker mortgage, August 1, 1895, before either of the notes surrendered or paid was barred, as a lien upon the land, under the general statute referred to. Appellant paid value for the discharge of the Leaker mortgage, and it was not barred when it was paid. Section 3150, Comp. Laws Utah 1888, provides that "an action for relief not heretofore provided for, must be commenced within four years after the cause of action shall have accrued." This action to obtain a subrogation to the rights of Mrs. Leaker, to reimburse the appellant for money he was compelled to pay upon the debt of the estate to protect his own interest, is an equitable action, not necessarily founded on a contract or written instrument, but was resorted to for the purpose of relieving a meritorious creditor from an unjust burden, who might otherwise be subjected to loss, by his funds being applied to another's debt; and, because of the peculiar rights and remedies, the suit does not come strictly within either of the restrictive provisions of the statute of limitations, except those of section 3150, above quoted. This section is doubtless intended to deal with the time in which certain complaints in equity may be filed, and "applies to all suits in equity not strictly of concurrent cognizance in law and equity." Section 3150, Comp. Laws Utah, is the same as section 343 of the Code of Civil Procedure of California,

and this construction was placed upon that section, by the supreme court of that state, in Piller v. Railroad Co., 52 Cal. 42. In Culmer v. Wilson, 13 Utah 129-149, 44 Pac. 833, this court held that, in an action for indemnity against actual damages, the party indemnified had no cause of action unless he was damaged, and the statute of limitations commenced to run from the time a certain judgment was paid. The notes and mortgage were not barred, so far as the mortgagee's rights to foreclose as against the land were concerned, when the appellant paid them. By paying the mortgage debt, appellant obtained an equitable lien upon the land independent from the mortgage. This lien arose by operation of law. By payment of the debt the appellant relieved the land from the burden of the mortgage, and this operated as a benefit to the estate to the amount of the mortgage debt paid, and thereby created the obligation on the part of the estate to reimburse the appellant, by way of a lien, to the extent only of the amount of the mortgage debt paid. When he paid the debt his lien attached. Until he paid the debt he had no lien or cause of action upon which the bar of the statute could operate. His right to a lien or subrogation only accrued when he paid the debt. The debt was not assigned to appellant because he paid it, but, on the contrary, it was extinguished. "Subrogation to the rights of a creditor differs from an assignment of the debt, in that the latter assumes the continued existence of the debt, while the former follows upon its payment." Sheld. Subr. §§ 4-6. So, by the extinguishment of the debt, appellant's equitable lien upon the property was created. For this lien an equitable cause of action was created, and the statute of limitations commenced to run from the day he paid the debt. This doctrine is analogous to the rule applicable in cases where the surety pays the debt of his

principal. The statute of limitations, as between the principal and surety, begins to run from the payment of the debt by the surety, and not from the maturity of the original contract which created the indebtednes. *Arbogast* v. *Hays*, 98 Ind. 26; *Scott* v. *Coleman*, 27 Miss. 94; *Hammond* v. *Myers*, 30 Tex. 375; *Burton* v. *Rutherford*, 49 Mo. 255; *Bennett* v. *Cook*, 45 N. Y. 268; Sheld. Subr. §§ 4-6, 110; 1 Wood, Lim. 397; 2 Wood, Lim. 559; *Scott* v. *Nichols*, 61 Am. Dec. 503, and note, 504. In this case the appellant was compelled to pay a mortgage to prevent foreclosure and consequent loss to the estate and himself, on August 1, 1895, and his cause of action did not arise until he paid the mortgage on that date. Consequently his cause of action, as affecting the land, would not become barred by this provision of the statute until August 1, 1899.

4. From the facts stated in the complaint, it appears that appellant had a claim against the Boggs estate of over $4,700. The only available piece of land left by the deceased was a lot incumbered for over $4,000, to Ann North Leaker, for the purchase price. On the 27th day of May, 1895, and more than five months after the time for the presentation of claims against the estate had expired, S. L. Boggs, a brother of the deceased, residing in Pennsylvania, presented a claim against the estate at Salt Lake City, for over $5,400. On the 15th day of December, 1894, Sarah G. Boggs, widow and sole devisee of the deceased, came to apellant in Denver, and desired a settlement of his note, amounting to $4,700, against the estate. She represented to appellant that she was the sole devisee by will in the Boggs estate; that, except the note held by appellant, there were no claims against the estate, except those secured upon certain land that would more than doubly pay them; that the claim of Mrs. Leaker

was secured by a purchase-money mortgage upon land reasonably worth $8,000, and that the equities therein, which belonged to and would be distributed to her as sole devisee, amounted to upward of $4,000 over and above the incumbrance, and requested appellant to take a deed of said property, subject to the Leaker mortgage, in settlement of his claim for $4,700. She represented that there was no question but what the lot covered by the mortgage would be distributed to her, and that it was hers under the will; that she could convey the same to appellant by deed, and give a perfect title thereto, subject to the mortgage; that, relying upon her representations, he accepted a deed from her of such property, subject to the mortgage, and surrendered the $4,700 note; that about the 1st of August, 1895, and without any notice of the filing of the claim of S. L. Boggs, said Ann North Leaker, having threatened to foreclose for the balance of the $4,000 due on the purchase-money mortgage, he paid said mortgage to prevent the same from being foreclosed, and it was cancelled and discharged of record; that the Boggs claim was allowed by the probate court without his knowledge, but said claim was not allowed until after he had paid the Leaker mortgage, and not until five months after the time for presenting claims against the estate had expired; that, had he not paid the Leaker mortgage, it would have been foreclosed, and the property lost to the estate. After appellant learned of the allowance of the Boggs claim, he commenced this action, October 21, 1897, asking to be subrogated to the rights of Ann North Leaker, under her mortgage as mortgagee. The administrator interposed a demurrer to the complaint on the grounds—First, that the complaint does not state facts sufficient to constitute a cause of action; second, the complaint does not allege that the appellant believed Mrs. Boggs' representations to be

true; third, that the appellant being a volunteer, is not entitled to subrogation.

Upon a consideration of the questions raised by the demurrer, we are satisfied that the allegation of the complaint was sufficient to show that the appellant relied upon and believed the representations of Mrs. Boggs, and surrendered his securities against the estate in reliance thereon, and that the estate was solvent and able to pay the Leaker mortgage, and that the appellant was not a mere volunteer, but directly interested to the amount of the Leaker mortgage, which should be paid out of the land covered by it belonging to the estate.

I am also of the opinion that the complaint states facts sufficient to constitute a cause of action. Appellant was led to believe that the estate was solvent, and relied upon Mrs. Boggs' statements, as sole legatee, that she could and would convey a fee-simple interest in the lot covered by the Leaker mortgage. He was led to believe that no claim such as was presented by the brother of the deceased, and allowed after the time for the presentation of claims had expired, existed, or that any claim would consume the entire estate. Had appellant not paid the Leaker mortgage, it would have been foreclosed, and the land lost to the estate. The payment of the mortgage resulted in a benefit to the estate and an injury to no one. If subrogation is allowed, no one is injured by it, as the estate and the heirs are no worse off. If appellant is allowed to be subrogated to the rights and position occupied by Mrs. Leaker, no one is injured, and justice is meted out to the parties. The facts, to my mind, present a clear case calling for the application of the doctrine of subrogation, which is not alone founded upon contract, either express or implied, but upon principles of equity and justice, in-

17 UTAH—7

tended to offer protection to a meritorious creditor, which does not conflict with the legal or equitable rights of others, and prevents a sweeping away of the fund from which, in good conscience, he ought to be paid, and which should properly be applied to reimburse one who has been compelled to pay the debt of a third person in order to protect his own rights or save his own property. Sheld. Subr. (2d Ed.) §§ 4-9; *George* v. *Butler*, 16 Utah 111; *Johnson* v. *Tootle*, 14 Utah 488; *Spaulding* v. *Harvey*, 129 Ind. 106, 28 N. E. 323; *Acer* v. *Hotchkiss*, 97 N. Y. 396; *Duncan* v. *Gainey*, 108 Ind. 579; *Edwards* v. *Davenport*, 20 Fed. 756; *Chippen* v. *Chappel*, (Kan. Sup.) 11 Pac. 453; 3 Pom. Eq. Jur. § 1419. In coming to this conclusion, I am not unmindful of the fact that greater care could have been used in framing the complaint, so as to bring the remedy sought more clearly within equitable rules governing such procedure.

While counsel for the respondents have presented in their brief an able discussion of the law involved in this controversy, which the court duly appreciates, yet this overpowering equity presented in the claim of the appellant impels me to the conclusion reached. But my associates, while agreeing with the writer of this opinion upon the first and second propositions laid down therein, and with reference to the application of the statute of limitations thereto, when the same was not pleaded, and that the order and decree sustaining the demurrer and dismissing the complaint should be set aside and vacated, and that a new trial be allowed, disagree with the writer of this opinion in so far as the opinion holds that the statute of limitations as to the lien obtained by the payment of the notes secured by the mortgage to Mrs. Leaker began to run at the time of such payment. The majority of the court are of the opinion that the plaintiff secured the

right by the payment to be subrogated to Mrs. Leaker's lien by virtue of the mortgage, and that the statute of limitations, as to that mortgage, began to run when the notes secured by the mortgage became due. It is therefore ordered that the decision in the case be reversed, and the cause remanded, with directions to the trial court to vacate and set aside the judgment and decree herein, and to grant a new trial, with costs, and, if desired, allow the parties an opportunity to amend their pleadings in accordance with right and justice.

ZANE, C. J., and BARTCH, J. We concur in the opinion, with the exception referred to therein.